2005 OK 12

**In re OKLAHOMA UNIFORM JURY INSTRUCTIONS FOR JUVENILE CASES.**

**No. SCAD–2005–19.**

Supreme Court of Oklahoma.

March 28, 2005.

## ORDER

¶ 1 The Oklahoma Supreme Court Committee on Uniform Jury Instructions for Juvenile Cases has completed the Oklahoma Uniform Jury Instructions for Juvenile Cases which is attached to this Order. To achieve uniformity in instructing juries in juvenile cases on the applicable law, the following order is adopted for the direction of the trial courts:

¶ 2 IT IS ORDERED THAT effective July 1, 2005, all trial courts in Oklahoma shall use the instructions contained within the Oklahoma Uniform Jury Instructions for Juvenile Cases if the court determines that the subject of the instructions would be appropriate in the particular matter on trial and unless the trial court determines that such recommended instruction does not accurately state the law. In the latter event, it shall be the obligation of the trial court to include within the record the court's reasons for declining to use the recommended uniform instruction. However, by this order the Court is not relinquishing any of its constitutional or statutory authority of review.

¶ 3 IT IS FURTHER ORDERED THAT whenever the Oklahoma Uniform Jury Instructions for Juvenile Cases do not contain an instruction on a subject which the trial court determines should be submitted to the jury, or whenever a recommended uniform instruction cannot be modified to cover the subject being submitted, it shall then be the duty of the trial court to submit that subject to the jury upon an instruction which will be simple, brief, impartial and free from argument.

¶ 4 IT IS FURTHER ORDERED THAT each instruction shall be identified substantially as follows: "OUJI–Juv. No. _____" or "OUJI–Juv. No. _____ modified" or "Not in OUJI–Juv." as the case may be.

¶ 5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 28th DAY OF FEBRUARY, 2005.

/s/   Joseph M. Watt
    CHIEF JUSTICE

¶ 6 ALL JUSTICES CONCUR.

## APPENDIX

**OKLAHOMA UNIFORM JURY INSTRUCTIONS**

**FOR JUVENILE CASES**

Prepared by the

Oklahoma Supreme Court Committee
for Uniform Jury Instructions
for Juvenile Cases

OKLAHOMA SUPREME COURT
COMMITTEE

FOR UNIFORM JURY INSTRUCTIONS
FOR JUVENILE CASES

### CHAIR

THE HONORABLE GLENN
DALE CARTER

District Judge

Shawnee

### REPORTER

CHARLES W. ADAMS

Professor of Law

The University of Tulsa College of Law

### MEMBERS

THE HONORABLE THOMAS H. ALFORD
District Judge
Muskogee

ROBERT E. (GENE) CHRISTIAN
District Attorney
Duncan

MICHELLE BODINE–KEELY
For TIMOTHY HARRIS

District Attorney
Tulsa

THE HONORABLE EDWARD J. HICKS, III
Special Judge
Tulsa

GARY MITCHELL
For RAY DON JACKSON
District Attorney
Woodward

D. KENT MEYERS
Oklahoma City

SAL R. MUNOZ
Tulsa

DON R. NICHOLSON II
Oklahoma City

THE HONORABLE MARTHA KILGORE
Associate District Judge
Ada

TAMMY J. BACHMAN
For MITCHELL D. SPERRY
District Attorney
Ardmore

THE HONORABLE ROGER H. STUART
Special Judge
Oklahoma City

ANNE B. SUBLETT
Tulsa

ROB WALLACE
District Attorney
Poteau

BRIAN S. WILKERSON
Tulsa

## SUMMARY TABLE OF CONTENTS

### OKLAHOMA UNIFORM CIVIL JURY INSTRUCTIONS

**Chapter 1 General Instructions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

**Part A. Preliminary Instructions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

**Part B. Concluding Instructions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

**Chapter 2 General Termination Instructions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

**Part A. Simultaneous Adjudication and Termination** . . . . . . . . . . . . . . . . . . . . . . . . ——

**Part B. Termination After Prior Adjudication** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

**Chapter 3 Grounds for Termination of Parental Rights** . . . . . . . . . . . . . . . . . . . . . . ——

**Chapter 4 Minor in Need of Treatment** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

**Chapter 5 Indian Child Welfare Act** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

Chapter One
General Instructions
List Of Contents

| Juvenile Instruction No. | Title | Page |
|---|---|---|
| | Introductory Note . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | —— |
| | Part A.  Preliminary Instructions | |
| 1.1 | Purpose of Termination Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | —— |
| 1.2 | Explanation To Jury Panel Of Voir Dire . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | —— |
| 1.3 | Oath On Voir Dire . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | —— |
| 1.4 | Oath Administered To Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | —— |

1.5      Jury's Duties—Cautionary Instructions—To Be Given After Jury Is Sworn ................................................................. ——

1.6      Jury's Duties—Cautionary Instructions—Bias On Account Of Race, Religion, Etc. ................................................................. ——

1.7      Cautionary Instruction—Note Taking By Jurors........................ ——

Part B.    Concluding Instructions

1.8      Jury's Duties—Introduction To Instructions—To Be Given After The Evidence ................................................................. ——

1.9      Jury's Duties—To Be Given Prior to Deliberation........................ ——

1.10     Note Taking By Jurors—To Be Given Prior to Deliberation ............... ——

1.11     Mandatory Instruction Upon Discharge ................................ ——

### Introductory Note

The Preliminary Instructions in Part A should be given at the beginning of the case, and the Concluding Instructions in Part B should be given after all the evidence has been presented.

---

### Part A—Preliminary Instructions

### Juvenile Instruction No. 1.1

### Purpose of Termination Proceeding

The purpose of a termination proceeding is to decide whether to break the parental bond. The case is concerned with three separate interests:

1. The parent's right to custody and control of a child.

2. The State's responsibility to protect a child under eighteen (18) years.

3. The child's right to a wholesome place to live, free from abuse and neglect.

The interest of a parent, the State and a child must be carefully weighed. The State's responsibility to protect a child must be balanced against the interest of a parent in the custody and control of a child.

The right of a parent to the custody and control of a child is a fundamental right protected by the Federal and State Constitutions. While the rights of a parent are important and entitled to protection, they must be balanced against those of a child, and where they conflict, the child's rights should be protected.

### Committee Comments

This preliminary instruction introduces the jury to the three interests that the jury must weigh in a termination proceeding. It is based on language from *In re T.H..L.*, 1981 OK 103, ¶ 4, 636 P.2d 330, 332.

---

### Juvenile Instruction No. 1.2

### Explanation To Jury Panel Of Voir Dire

As possible jurors you will be questioned to determine your qualifications to serve in this case. The purpose of these questions is to obtain a fair jury. Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors. Will you please stand, raise your right hand, and the oath will now be given to you by _____.

### Notes on Use

These remarks should be changed or modified to fit the exigencies of the case. Oath may be administered by the judge, clerk, or deputy.

### Comments

51 O.S.2001, § 21.

### Juvenile Instruction No. 1.3
#### Oath On Voir Dire

Do you solemnly swear that you will truly and fully answer all questions asked you by the Judge and the lawyers to serve as a juror in the case now on trial, so help you God? [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury to truly and fully answer all questions asked you by the Judge and lawyers to serve as a juror in the case now on trial? [Juror should be required to answer "I do."].

#### Notes on Use

If any prospective juror has conscientious scruples against taking an oath, such juror may affirm. 12 O.S.2001, § 72.

#### Comments

The statutes of Oklahoma do not specifically authorize an oath on voir dire, but it seems clear that there should be such an oath. The oath may be administered by the judge or the clerk. 51 O.S.2001, § 21; *Milton v. State,* 1912 OK CR 195, 7 Okl. Cr. 407, 418, 124 P. 81, 85.

### Juvenile Instruction No. 1.4
#### Oath Administered To Jury

Do you solemnly swear that you will well and truly try the matter submitted to you in the case now on trial and reach a true verdict, according to the law and the evidence presented to you, so help you God? [Juror should be required to answer "I do."].

#### OR

Do you affirm under the pains and penalties of perjury that you will well and truly try the matters submitted to you in the case now on trial and a true verdict render, according to the law and the evidence? [Juror should be required to answer, "I do."].

#### Notes on Use

If any member of the jury has conscientious scruples against taking an oath, such juror may affirm. 12 O.S.2001, § 72.

#### Comments

This oath is taken substantially from that set forth in 12 O.S.2001, § 576. It may be a reversible error not to administer the oath to the jury. *See Brink v. Territory,* 1895 OK 64, 3 Okla. 588, *589,* 41 P. 614, 614.

### Juvenile Instruction No. 1.5
#### Jury's Duties—Cautionary Instructions— To Be Given After Jury Is Sworn

Members of the Jury: I will now explain to you your duties as jurors. It is vital to the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received. It is your duty to accept and follow all of these instructions as a whole, not accepting one or more of these instructions and disregarding the others.

It is your duty to determine the facts of this case from the evidence produced in open court. It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict. You should not allow sympathy or prejudice to influence your decision. Your decision should be based upon probabilities, and not possibilities. It may not be based upon speculation or guesswork.

The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true. The term "witness" means anyone who testifies in person, or by deposition, including the parties.

The production of evidence in court is governed by rules of law. From time to time it may be the duty of the attorneys to object to

the production of evidence and my duty to rule on these objections. If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection. If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection. The attorneys' objections, and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts. During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you. This rule applies not only to court employees, the attorneys involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and anyone else you may meet. If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the [(**clerk of the court**)/**bailiff**], who will report to me.

Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case, or anything about this case, or form or express any opinion about it.

Do not read newspaper reports or obtain information from the internet about this trial or the issues, parties or witnesses involved in this case, and do not watch or listen to television or radio reports about it. Do not attempt to investigate this case on your own.

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom. From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done, you will carefully observe these rules at all times.

### Notes on Use

With the availability of information on the internet jurors may be able to gather information about the case or the parties and witnesses on their own. The cautionary instruction from OUJI–CIV 1.4 is modified to instruct jurors not to investigate the case.

Before excusing the jurors for recesses and adjournments, the judge should remind them not to discuss the case. The following Instruction is suggested:

At this time, let me remind you not to discuss this case, or anything about this case, with anyone [(**during the recess**)/(**while court is adjourned**)], and do not allow anyone to discuss it with you. If anyone talks to you or tries to talk to you about this case, you are instructed to report it immediately either to me or to the [(**clerk of the court**)/**bailiff**].

---

**Juvenile Instruction No. 1.6**

### Jury's Duties—Cautionary Instructions— Bias On Account Of Race, Religion, Etc.

Remember that under our justice system the race, religion, national origin, or social status of a party or [**his/her**] attorney must not be considered by you in the discharge of your sworn duty as a juror.

### Notes on Use

This instruction should be given with the other cautionary instructions after the jury is sworn if any party belongs to a minority race or religious group, and the instruction is requested by the party's attorney.

---

### Juvenile Instruction No. 1.7 Cautionary Instruction—Note Taking By Jurors

You may take notes during the presentation of evidence in this case. In that regard remember this:

1. Note taking is permitted but is not required.

2. Take notes sparingly. Do not try to write down all the testimony. Your notes will only be used for the purpose of refreshing your memory. They are helpful when dealing with measurements, times, distances, identities and relationships.

3. Be brief in your note taking. You must pass on the credibility of the witnesses, and to do so you must observe them. Do not let note taking distract you from this duty.

4. Your notes are for your private use only. Do not share your notes with any other juror during the presentation of the case. You may discuss the contents of your notes only after all sides have rested and you have commenced your deliberations.

5. Your note taking is limited to matters occurring while court is in session.

### Notes on Use

This Instruction is not intended as an endorsement of juror note taking. Whether to permit note taking by jurors remains in the trial judge's discretion. However, this Instruction should be given **IF** the court permits jurors to take notes. If this Instruction is given, Instruction No. 1.10 must also be given.

### Comments

This Instruction is based on one suggested by the Oklahoma Supreme Court in *Sligar v.*

*Bartlett,* 1996 OK 144, 916 P.2d 1383, 1387 n. 2.

---

### Part B—Concluding Instructions

### Juvenile Instruction No. 1.8
#### Jury's Duties—Introduction To Instructions—To Be Given After The Evidence

It is now my duty to further explain your duties as jurors, and to further inform you of the law applicable to this case. It is your duty to faithfully perform your duties and to accept and follow all instructions of the law as a whole, including the instruction I gave you at the beginning of this trial [and the instructions I gave you during the course of this trial]. You are not free to accept and follow one or more of these instructions and disregard the others.

A written copy of all instructions will be given to you before you begin your deliberations.

### Notes on Use

All or part of Instruction 1.5, "Jury's Duties—Cautionary Instructions—To Be Given After Jury Is Sworn" may be added to this instruction and read to the jury after the evidence.

---

### Juvenile Instruction No. 1.9
#### Jury's Duties—To Be Given Prior to Deliberation

Ladies and Gentlemen of the jury, that completes the argument. This case is now submitted to you for your decision and verdict.

When you have arrived in the jury room you should first choose one of the jury as a foreperson and then begin deciding the case. The forms of all possible verdicts will be sent to the jury room with you, along with these written instructions of the Court. If all six (6) of you agree on a verdict, only your foreperson alone need sign the appropriate form(s). If you do not all agree, but at least five (5) of you do, then only those five (5) agreeing will each, individually, sign the ver-

dict form(s). [If your foreperson does not agree on the verdict that the other five of you have agreed to, your foreperson should not sign the verdict form(s) with the rest of you, but your foreperson shall continue to serve as the foreperson of your jury.]

Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

Statutory Authority: 10 O.S. Supp.2004, § 7003–3.8.

### Notes on Use

The last sentence in the second paragraph is optional.

### Juvenile Instruction No. 1.10

#### Note Taking By Jurors—To Be Given Prior to Deliberation

You have been permitted to take notes during the testimony of this case. If you have done so you may refer to them during deliberations, and discuss the contents of your notes with other jurors. In your deliberations, give no more or no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts, but are simply aids to your memory. It is the testimony from the witness stand which must be the basis of your determination of the facts, and ultimately, your verdict in the case.

At the conclusion of the trial your notes must be delivered to the bailiff for destruction.

### Juvenile Instruction No. 1.11

#### Mandatory Instruction Upon Discharge

You have now completed your duties as jurors in this case and are discharged. The question may arise whether you are free to discuss this case with anyone. You are instructed that this proceeding is strictly confidential. Therefore, you are not to discuss this case with anyone other than those directly involved in the case. If any person tries to discuss the case over your objection, or becomes critical of your service, please report it to me immediately.

### OR

You have now completed your duties as jurors in this case and are discharged. The question may arise whether you are free to discuss this case with anyone. It is entirely your decision whether you discuss the case with other persons, but you must not reveal the identities of the children or parents, or any information that would reveal their identities, to anyone. If any person tries to discuss the case over your objection, or becomes critical of your service, please report it to me immediately.

### Notes on Use

This Instruction is to be given after the jury has returned its verdict.

Unless the trial court orders otherwise, cases involving deprived children are conducted in private. 10 O.S.2001, § 7003–4.1(A)(1)(a). The trial court should select the appropriate instruction from the alternatives set out above.

### Chapter Two
### General Termination Instructions
### List Of Contents

Juvenile Instruction No.    Title      Page

Introductory Note . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

Part A—Simultaneous Adjudication and Termination

2.1      Duties of Jurors—To Be Given Prior to Deliberation . . . . . . . . . . . . . . . . . . . . . ——

2.2     Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.3     Issues in the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.4     Definition of Deprived Child . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.5     Definition of "Proper Parental Care or Guardianship" . . . . . . . . . . . . . . . . . . . . . ——

2.6     Bad Habits of Parents Are Not Sufficient To Prove That Child Is Deprived ——

2.7     Definitions of "Abuse" and "Neglect" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.8     Requirements for Adjudication of Deprived Status . . . . . . . . . . . . . . . . . . . . . . . . ——

2.9     Definition of "Abandoned" (Adjudication Stage) . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.10    Expert Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.11    Definition of "Greater Weight of the Evidence" . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.12    Definition of "Clear and Convincing Evidence" . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.13    Pertinent Time for Determination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.14    Issues to Decide . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.15    Instructions for Verdict Forms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.16    Verdict Form—Deprived . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.17    Verdict Form—Not Deprived . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.18    Effect of Termination of Parental Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.19    Presumption that Parent Acts in Best Interest of Child . . . . . . . . . . . . . . . . . . . ——

2.20    Burden of Proof for Termination of Parental Rights . . . . . . . . . . . . . . . . . . . . . . ——

2.21    Instructions for Verdict Forms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.22    Verdict Form—Termination of Parental Rights . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.23    Verdict Form—No Termination of Parental Rights . . . . . . . . . . . . . . . . . . . . . . . ——

Part B—Termination After Prior Adjudication

2.31    Duties of Jurors—To Be Given Prior to Deliberation . . . . . . . . . . . . . . . . . . . . . . ——

2.32    Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.33    Expert Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.34    Effect of Termination of Parental Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.35    Presumption that Parent Acts in Best Interest of Child . . . . . . . . . . . . . . . . . . . ——

2.36    Burden of Proof for Termination of Parental Rights . . . . . . . . . . . . . . . . . . . . . . ——

2.37    Instructions for Verdict Forms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

2.38      Verdict Form—Termination of Parental Rights . . . . . . . . . . . . . . . . . . . . . . . ——

2.39      Verdict Form—No Termination of Parental Rights . . . . . . . . . . . . . . . . . . . . . ——

### Introductory Note

The instructions in Part A have been drafted for cases where the termination of parental rights is sought simultaneously with the adjudication of deprived status. These are sometimes called "immediate termination" cases. For possible grounds for simultaneous adjudication and termination of parental rights, see 10 O.S.2001, § 7003–4.6(A). Where the adjudication of deprived status and the termination of parental rights are sought simultaneously, the trial court has discretion to bifurcate the proceeding. If there has been a prior adjudication of deprived status, there is no need for jury instructions dealing with the adjudication of deprived status, and the instructions in Part B should be used instead of the instructions in Part A.

Instructions on the various statutory grounds for termination of parental rights for use in all cases are found in Chapter Three, *infra.* The applicable instructions on the grounds for termination of parental rights should be given immediately before Juvenile Instruction No. 2.21 in cases where simultaneous adjudication and termination of parental rights are sought, and before Juvenile Instruction No. 2.37 in cases where there has been a prior adjudication of deprived status

---

### Part A—Simultaneous Adjudication and Termination

### Juvenile Instruction No. 2.1
### Duties of Jurors—To Be Given Prior to Deliberation

Since all the evidence in this case has been given to you, it is now my duty, under the law, to give you additional instructions that apply in this trial. These additional instructions contain all the rules of law that are to be applied by you in this case, and all the rules of law by which you are to weigh the evidence and determine the facts in issue in deciding this case and in reaching a verdict. You must consider the instructions as a whole and not as a part to the exclusion of the rest. All the testimony and evidence which it is proper for you to consider has been introduced in this case. You should not consider any matter of fact or of law except what has been given to you while this court is or has been in session.

It is your responsibility as jurors to determine the facts from the evidence, to follow the rules of law as stated in these instructions, to reach a fair and impartial verdict as you have sworn you would do. You must not use any method of chance in arriving at a verdict, but must base your verdict on the judgment of each juror.

### Committee Comments

This instruction is based on OUJI–CR 10–1 and 10–2.

---

### Juvenile Instruction No. 2.2
### Statement of the Case

This trial is the result of a petition filed by the State of Oklahoma asking for the permanent termination of parental rights.

The State alleged in the petition the following:

[Set out the material allegations of the petition regarding a finding that the child is deprived.]

The petition is only the means by which a case is begun, and the State's allegations in the petition are not evidence in the case.

---

Statutory Authority: 10 O.S.2001, § 7003–4.5(A).

### Committee Comments

Under 10 O.S.2001, § 7003–4.5(A), the court must find a child to be deprived if it "finds that the allegations of a petition alleging a child to be deprived are supported by the evidence." A jury should be informed of the material allegations of the petition in order to support a finding that a child is deprived.

The petition itself should not be read to the jury, however. *See Marathon Battery Co. v. Kilpatrick,* 1966 OK 268, ¶ 60, 418 P.2d 900, 915 ("it is not good practice to formulate the issues by reading at large from the pleadings").

As a result of the addition of paragraph (D) to 10 O.S. Supp.2004, § 7006–1.1 in 2000, the child's attorney may file the petition for termination of parental rights. If the petition was filed by the child's attorney, rather than the district attorney, this Instruction should be modified accordingly.

---

### Juvenile Instruction No. 2.3
#### The Issues in the Case

There are two separate issues for you to decide in this case in order to terminate parental rights. Consider each issue separately. To terminate parental rights, you must find that the State has met its burden of proof on each of the following issues.

1) Is the child deprived according to the definitions given to you in these instructions? The State has a burden of proof on this issue called "greater weight of evidence," which is defined elsewhere in these instructions.

2) Are there grounds to terminate parental rights with respect to the child? The State has a burden of proof on this issue called "clear and convincing evidence," which is also defined in these instructions.

You may reach the issue of whether to terminate parental rights only if you find that a child is deprived. If you find that the child is not deprived, then you may not consider whether to terminate parental rights.

#### Notes on Use

In the discretion of the trial court, a proceeding for termination of parental rights may be bifurcated, particularly if evidence in the termination phase of the proceeding would not be admissible in the adjudicatory phase.

#### Committee Comments

The Oklahoma Supreme Court decided in *A.E. v. State,* 1987 OK 76, ¶ 5, 743 P.2d 1041, 1043: "Any termination of parental rights ... requires either a prior or a simultaneous adjudication of a child's deprived status; further, the prior adjudication must precede termination." For a further discussion of the *A.E. v. State* case, see the Introductory Note to Chapter Three, *infra.*

---

### Juvenile Instruction No. 2.4
#### Definition of "Deprived Child"

A "deprived child" is defined as any person under the age of eighteen (18) years of age: **[Select appropriate grounds from the following]**

**[who is for any reason destitute, homeless or abandoned];**

**[who does not have the proper parental care or guardianship or whose home is an unfit place by reason of neglect, abuse, cruelty, or depravity on the part of the child's parents, legal guardian or other person responsible for the child's health or welfare];**

**[who is in need of special care and treatment because of the child's physical or mental condition, and the child's parents, legal guardian, or other custodian is unable or willfully fails to provide such special care and treatment. A child in need of special care and treatment includes, but is not limited to, a child who at birth tests positive for alcohol or a controlled dangerous substance and who, pursuant to a drug or alcohol screen of the child and an assessment of the parent, is determined to be at risk for future exposure to such substances];**

**[who is a child with a disability deprived of the nutrition necessary to sustain life or of the medical treatment necessary to remedy or relieve a life-threatening medical condition in order to cause or allow the death of the child if such nutrition or medical treatment is generally provided to similarly situated children without a disability or children with disabilities];**

**[who is subject to compulsory school attendance and absent from school without valid excuse for (four or more days or parts of days within a four-week peri-**

od)/(ten or more days or parts of days within a semester) on account of improper parental care and guardianship];

[whose parent, legal guardian, or custodian for good cause desires to be relieved of custody].

***

Statutory Authority: 10 O.S. Supp.2004, § 7001–1.3(A)(14); 70 O.S.2001, § 10–106.

### Notes on Use

The trial judge should select any grounds that are supported by the evidence for a finding that the child or children are deprived.

***

### Juvenile Instruction No. 2.5
### Definition of "Proper Parental Care or Guardianship"

The term "proper parental care or guardianship" as used in these instructions, means that level of care, supervision, protection, nourishment, cleanliness, medical attention, education, mental stimulation, social stimulation, and all other parenting tasks which a reasonable and prudent parent having custody and control of a child would perform in order to insure the growth, development, learning, and physical and mental well being of the child.

### Committee Comments

For authority supporting these elements of the definition, see *In re A.D.B.*, 1991 OK 96, ¶¶ 2–4, 818 P.2d 483, 485 (care, supervision, protection, nourishment, cleanliness); *Price v. Price*, 1977 OK 205, ¶ 12, 573 P.2d 251, 254 (care); *In re Moore*, 1976 OK 191, ¶¶ 15, 21, 558 P.2d 371, 374–75 (care, supervision, nourishment, cleanliness, medical attention); *Carignan v. State*, 1970 OK 82, ¶ 5, 469 P.2d 656, 658 (care, protection, mental stimulation); *In re.C.T.*, 1999 OK CIV APP 55, ¶¶ 9, 12, 983 P.2d 523, 526 (care, supervision, protection, nourishment, cleanliness, education); *In re L.C.*, 1998 OK CIV APP 96, ¶¶ 11, 13, 962 P.2d 29, 32 (care, supervision, protection, nourishment, cleanliness, social stimulation); *In re C.A.R.*, 1994 OK CIV APP 124, ¶¶ 5, 14, 882 P.2d 582, 584, 585 (care, protection); *In re K.L.H.*, 1993 OK CIV APP 127, ¶ 16, 858 P.2d 1296, 1298 (care, protection); *In re O'Neill,* 1976 OK CIV APP 43, ¶¶ 7–9, 554 P.2d 864, 866–67 (supervision, nourishment, medical attention). *See also* 10 O.S.2001, § 4 (noting the duty of a parent entitled to the custody of a child to furnish that child with an education); *id.* § 137 (noting the duty of a guardian controlling the estate of a child to furnish that child with an education); 21 O.S.2001, § 852(A) (providing a parent or guardian "who willfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, monetary child support, medical attendance" is guilty of a misdemeanor); 2 Cal. Jury Instr., Civ. 13.76 (2004 ed.) (parents and guardians have a duty to exercise "ordinary care in the [training,] [supervision,] [protection] [and] [control] of their minor children"); Wis. Jury Instr., Children 242 (defining "inadequate care" as less "than is reasonably necessary to provide sufficient food, clothing, housing, medical and dental services, education, or to meet the special needs of [the child]"); *id.* 250 (defining "necessary care" as "that care which is vital to the needs and physical health of the child").

***

### Juvenile Instruction No. 2.6
### Bad Habits of Parents Are Not Sufficient to Prove That Child is Deprived

It is not enough for the State to prove that the parents have bad habits or faults of character or that a child enjoys fewer material, educational and cultural advantages than other children. Instead, the State must prove that the child is a deprived child as previously defined.

### Comments

This instruction is based on language from *In re Sweet*, 1957 OK 250, ¶ 13, 317 P.2d 231, 236. *See also Price v. Price*, 1977 OK 205, ¶ 8, 573 P.2d 251 (following *In re Sweet* ).

***

### Juvenile Instruction No. 2.7
### Definitions of "Abuse" and "Neglect"

"Abuse" means harm or threatened harm to a child's health, safety or welfare by a person

responsible for the child's health, safety or welfare.

"Harm or threatened harm" to a child's health or safety includes, but is not limited to: non-accidental physical or mental injury, sexual abuse, sexual exploitation, neglect, failure or omission to provide protection from harm or threatened harm, or abandonment.

"Neglect" means failure or omission to provide adequate food, clothing, shelter, medical care, and supervision, special care made necessary by the physical or mental condition of the child, or abandonment.

Statutory Authority: 10 O.S.2001, § 7102(B)(1)-(3).

### Notes on Use

The trial court may omit portions of these definitions if they are not supported by the evidence.

### Juvenile Instruction No. 2.8
### Requirements for Adjudication of Deprived Status

In order for you to find that a child is deprived, you must be satisfied by the greater weight of the evidence that:

1. The child is deprived according to the definitions given to you in these instructions; and

2. It is in the best interests of the child and the public for the child to be made a ward of the court.

The public's interest lies in protecting the child from harm.

Statutory Authority: 10 O.S.2001, § 7003–4.5(A).

### Committee Comments

10 O.S.2001, §§ 7001–1.2(B), 7006–1.1(A) provide that the paramount consideration in deprived child proceedings is "the health and safety and the best interests of the child." Thus, the best interests of the public are satisfied if it is in the best interests of the

child for the child to be made a ward of the court. *See Davis v. Davis,* 1985 OK 85, ¶ 17, 708 P.2d 1102, 1109 ("Public interest lies in protecting the child from harm.").

### Juvenile Instruction No. 2.9
### Definition of "Abandoned" (Adjudication Stage)

"Abandoned" means:

[The parent has left the child alone or in the care of another who is not the parent of the child without identifying the child or furnishing a means of identification for the child;

The whereabouts of the parents are unknown; and

The child's identity cannot be ascertained by the exercise of reasonable diligence.]

### OR

[The parent has voluntarily left the child alone or in the care of another who is not the parent of the child; and

The parent expressed a willful intent by words, actions, or omissions not to return for the child.]

### OR

[The child was twenty-four (24) months of age or younger on the date of the filing of the petition, and the parent has knowingly placed or knowingly allowed the child to be placed in or remain in conditions or surroundings that posed or constituted a serious danger to the health and safety of the child thereby demonstrating wanton disregard for the child's well-being.]

Statutory Authority: 10 O.S.2001, §§ 7006–1.1(A)(2), 7001–1.3(A)(1).

### Notes on Use

This definition of abandonment should be used at the adjudication stage, but not at the termination stage. The definitions of abandonment in §§ 3.1 and 3.2, *infra,* should be used at the termination stage.

## Committee Comments

Although one of the grounds for a finding that a child is deprived is that the child is abandoned, the Oklahoma Children's Code does not provide a definition of "abandoned" with respect to a deprived adjudication. In order to provide a definition of "abandoned" at the deprived adjudication stage, the Committee has used portions of the definitions of "abandonment" in 10 O.S. Supp.2004, § 7006–1.1(A)(2) and the definitions of "abandoned infant" in 10 O.S. Supp.2004, § 7001–1.3(A)(1). The definition of abandonment in this instruction differs from the definitions in §§ 3.1 and 3.2, *infra,* for termination of parental rights, because harm to the child is an essential element of a deprived adjudication, while the focus of termination is parental fitness. Thus, while the failure of a parent to maintain a substantial and positive relationship with the child (see § 7006–1.1(A)(2)(c)) or a father's failure to provide support for the mother during pregnancy (see § 7001–1.3(A)(1)(d)(2)) are reasons for terminating a parent's rights once a child is found to be deprived, they would not alone support a finding that a child is deprived, if the other parent was providing satisfactory care for the child.

---

## Juvenile Instruction No. 2.10

### Expert Witnesses

You have heard the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgement to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

### Committee Comments

This instruction is OUJI–CIV 2d No. 3.21. It is similar to OUJI–CR 9–42, except that expert witnesses are called opinion witnesses in OUJI–CR 9–42.

---

## Juvenile Instruction No. 2.11

### Definition of "Greater Weight Of The Evidence"

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

### Committee Comments

The Oklahoma Supreme Court held in *Matter of J.B.,* 1982 OK 40, ¶ 7, 643 P.2d 306, 309, that the preponderance of the evidence standard is applied to the adjudication of deprived status, because the risk of an error is less onerous on a parent than in a termination of parental status proceeding.

---

## Juvenile Instruction No. 2.12

### Definition of "Clear and Convincing Evidence"

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

---

## Juvenile Instruction No. 2.13

### Pertinent Time for Determination

You are required to determine whether: 1) the child was deprived as of the time of the filing of the petition, and 2) it is now in the best interests of the child and the public for the child to be made a ward of the court.

Statutory Authority: 10 O.S.2001, § 7003–4.5

### Committee Comments

Under 10 O.S.2001, § 7003–4.5, the court shall issue an order of adjudication finding the child deprived if it finds that the allegations of the petition are supported by the evidence, and it is in the best interests of the child and the public for the child to be made a ward of the court. Since the allegations of the petition are based on the child's conditions as of the time of its filing, the time of the filing of the petition is the pertinent time for determining whether the necessary elements for a deprived adjudication have been satisfied. See *Price v. Price,* 1977 OK 205, ¶ 8, 573 P.2d 251, 253 (the time for deciding whether children are dependent or neglected is the filing of the petition). The child's best interests relate to the present and future, however. See *In re Sweet,* 1957 OK 250, ¶ 8, 317 P.2d 231, 233–34 (the child's present conditions control, rather than the past history of the case).

---

### Juvenile Instruction No. 2.14
### Issues to Decide

If after a full, fair, and impartial consideration of all of the evidence, facts and circumstances in this case, you find that the State has proven by the greater weight of the evidence that a child is deprived, then you should return a verdict that the child is deprived. On the other hand, if after a full, fair, and impartial consideration of all of the evidence, facts and circumstances in this case, you find that the State has failed to prove by the greater weight of the evidence that a child is deprived, then you should return a verdict that the child is not deprived.

If you do not find that a child is deprived, then you shall not consider termination of parental rights and all of you in a body should return the verdict to the Court. If you find a child is deprived, you must continue with your deliberations and consider whether parental rights should be terminated with respect to that child.

[**For purposes of this case, you are required to accept the following matters as true:**

**List any issues that are not for the jury to decide either because they have been stipulated to by the parties or are not jury issues**].

### Notes on Use

If the trial judge has bifurcated the adjudicatory phase from the termination phase of the termination proceeding, the second paragraph of this instruction is unnecessary and should not be given to the jury. If the proceeding is bifurcated, the trial judge should give the jury Instruction Nos. 2.12, 2.18–2.21 and the Verdict Forms in Instruction Nos. 2.22 and 2.23 only if the jury returns the Verdict Form in Instruction No. 2.16 that the child is deprived.

The bracketed last paragraph should be given to the jury as part of this instruction if the trial judge concludes that there are some matters that the jury should be informed of that it should not decide. Alternatively, the trial judge may delete these matters as issues from other jury instructions. For example, if the parties have stipulated that the child was less than 24 months of age at the time of the filing of the petition, the trial court may either omit this element from the definition of "abandoned" in Instruction No. 2.9, *supra,* or else include this element in Instruction No. 2.9 and instruct the jury that it is required to accept as true that the child was less than 24 months of age at the time of the filing of the petition.

### Committee Comments

Either a prior or simultaneous adjudication of a child's deprived status is required for a termination of parental rights. *A.E. v. State,* 1987 OK 76, ¶ 5, 743 P.2d 1041, 1043 ("Any termination of parental rights ... requires either a prior or a simultaneous adjudication of a child's deprived status. ..."). For a further discussion of the *A.E. v. State* case, see the Introductory Note to Chapter Three, *infra.*

**VERDICT**

### Juvenile Instruction No. 2.15

#### Instructions for Verdict Forms

[Use for cases where only one condition may lead to an adjudication of deprived status.] If you find that the State has proved by the greater weight of the evidence that the child, [NAME], is deprived and that the condition that led to your finding is that [Set forth condition that may lead to the finding—*E.g*, the child does not have proper parental care or guardianship], you should sign and return the verdict form entitled Child is Deprived for that child. Otherwise, you should sign and return the verdict form entitled Child is Not Deprived for that child.

#### OR

[Use for cases where multiple conditions may lead to an adjudication of deprived status.] If you find that the State has proved by the greater weight of the evidence that the child, [NAME], is deprived and that one or more conditions led to your finding, you should sign and return the verdict form entitled Child is Deprived for every such condition that led to your finding for that child. If you find that the State has not proved by the greater weight of the evidence that the child, [NAME], is deprived, you should sign and return the verdict form entitled Child is Not Deprived for that child.

Notify the Bailiff if you arrive at a verdict that the Child is Not Deprived so that you may return it in open court. If your verdict is that the Child is Deprived, you must continue with your deliberations and consider whether parental rights should be terminated with respect to that child.

### Juvenile Instruction No. 2.16

#### Verdict Form—Deprived

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

IN THE MATTER OF: )
                    )
                    )   CASE NO. JD-
                    )
AN ALLEGED DEPRIVED  )
CHILD

#### CHILD IS DEPRIVED

We, the jury, empaneled and sworn in the above entitled cause, do upon our oath, find as follows:

It is in the best interest of the child, [NAME], and the public for the child to be made a ward of the court; and

The child, [NAME], is **DEPRIVED**; and

The following condition has led to our finding that the child is deprived: [Set forth condition that may lead to the finding—*E.g*, the child does not have proper parental care or guardianship]

_____
FOREPERSON

_____
_____
_____
_____
_____

#### Notes on Use

The trial judge should fill in the appropriate condition leading to the finding that the child is deprived. The jury must be given both this Verdict Form and the Verdict Form in § 2.17, and it must return one Verdict Form or the other. *It is recommended that separate verdict forms should be used for each child. If there are two or more conditions that may lead to adjudication, separate verdict forms should be used for each condition.*

#### Committee Comments

The trial judge is not required to direct the jury to make specific findings on the condition that led to the adjudication. Okla. Const. Art. 7, § 15 ("no law ... shall require the court to direct the jury to make findings of particular questions of fact"). Nevertheless, it will be desirable for the trial judge to do so in order to facilitate appellate review. *See In re C.T.*, 2003 OK CIV APP 107, ¶ 6, 82 P.3d 123, 125; *In re M.D.R.*, 2002 OK CIV APP 75, ¶¶ 7, 8, 50 P.3d 1160, 1161–62. In addition, if the jury decides to adjudicate the child as deprived but fails to terminate pa-

rental rights, the court will need to specify in the journal entry of judgment which condition led to the adjudication and must be corrected.

## Juvenile Instruction No. 2.17
### Verdict Form—Not Deprived

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

IN THE MATTER OF:　　　)
　　　　　　　　　　　　)
　　　　　　　　　　　　)　　CASE NO. JD-
　　　　　　　　　　　　)
AN ALLEGED DEPRIVED　)
　　　CHILD

### VERDICT

### CHILD IS NOT DEPRIVED

We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find the child, [NAME], is **NOT DEPRIVED**.

_____

FOREPERSON

_____

_____

_____

_____

_____

## Juvenile Instruction No. 2.18
### Effect of Termination of Parental Rights

The termination of parental rights terminates the parent-child relationship, including the following rights of the parent:

1. The parent's right to the custody of the child;

2. The parent's right to visit the child;

3. The parent's right to control the child's training and education;

4. The need for the parent to consent to the adoption of the child;

5. The parent's right to the earnings of the child; and

6. The parents' right to inherit from or through the child. It does not affect the child's right to inherit from the parent.

_____

Statutory Authority: 10 O.S.2001, § 7006–1.3.

## Juvenile Instruction No. 2.19
### Presumption That Parent Acts in Best Interest of Child

It is presumed that a child's best interests are ordinarily served by leaving the child in the custody of the parents, who are expected to have the strongest bond of love and affection and to be best able to provide a child those needed qualities. This presumption may be rebutted if there is clear and convincing evidence that the child would be neglected or abused if the child remained in the custody of the parents.

### Committee Comments

This instruction is based on *Matter of Meekins*, 1976 OK CIV APP 32, ¶ 8, 554 P.2d 872, 874, where the Oklahoma Court of Civil Appeals stated:

A presumption exists that the best interests of children ordinarily are served by leaving them in the custody of the natural parents, the persons who are usually expected to have the strongest bond of love and affection and to be best able to provide them these needed qualities. *York v. Halley*, Okl., 534 P.2d 363 (1975). The presumption can be and often is rebutted, but a meaningful hearing should be a prerequisite to such rebuttal; and certainly, children should not be permanently removed from their parents by an order terminating parental rights without such a meaningful hearing.

*See also In re T.H.L.*, 1981 OK 103, ¶ 5, 636 P.2d 330, 332 ("The child's best interest is presumably served by leaving him in the custody of his natural parents only if this can be done with a reasonable assurance that no abuse or neglect would follow.").

## Juvenile Instruction No. 2.20
### Burden of Proof for Termination of Parental Rights

The State has the burden of proving all the requirements for the termination of the par-

ent's rights by clear and convincing evidence and you may return a verdict finding that parental rights are terminated only if you find that the State has satisfied its burden of proof.

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

[For purposes of this case, you are required to accept the following matters as true:

List any issues that are not for the jury to decide either because they have been stipulated to by the parties or are not jury issues].

## Notes on Use

The pertinent Instructions on the grounds for termination of parental rights in Chapter Three should be given immediately after this instruction.

The bracketed last paragraph should be given to the jury as part of this instruction if the trial judge concludes that there are some matters that the jury should be informed of that it should not decide. Alternatively, the trial judge may delete these matters as issues from other jury instructions. For example, if there is no dispute that the parent has been imprisoned, the trial court may either omit this element from Instruction No. 3.17, *infra*, or else include this element in Instruction No. 3.17 and instruct the jury that it is required to accept as true that the parent has been imprisoned.

As a result of the addition of paragraph (D) to 10 O.S. Supp.2004, § 7006–1.1 in 2000, the child's attorney may file the petition for termination of parental rights. If the petition was filed by the child's attorney, rather than the district attorney, this Instruction should be modified accordingly along with the applicable Instructions on the grounds for termination of parental rights in Chapter Three.

## Committee Comments

The Oklahoma Supreme Court held in *Matter of C.G.*, 1981 OK 131, ¶ 17, 637 P.2d 66, 71, that the clear and convincing evidence standard applied to termination of parental rights.

---

### Juvenile Instruction No. 2.21

### Instructions for Verdict Forms

[Use for cases where only one ground for termination is alleged.] If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on the statutory ground that [Set forth ground for termination—*E.g.*, the child has been born to a parent whose parental rights to another child have already been terminated before], you should sign and return the verdict form entitled Terminate Parental Rights for that parent and that child. Otherwise, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

### OR

[Use for cases where multiple grounds for termination are alleged.] If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on one or more statutory grounds, you should sign and return the verdict form entitled Terminate Parental Rights for every such statutory ground for that parent and that child. It is not necessary that the same five people sign each verdict form. If you find that the State has not proved by clear and convincing evidence that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on any statutory ground, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

## Notes on Use

As a result of the addition of paragraph (D) to 10 O.S. Supp.2004, § 7006–1.1 in 2000, the child's attorney may file the petition for termination of parental rights. If the petition was filed by the child's attorney, rather than the district attorney, this Instruction should be modified accordingly.

### Juvenile Instruction No. 2.22

**Verdict Form—Termination of Parental Rights**

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

```
IN THE MATTER OF:        )
                         )
                         )    CASE NO. JD-
                         )
AN ALLEGED DEPRIVED      )
     CHILD
```

### VERDICT

### TERMINATE PARENTAL RIGHTS

We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find by clear and convincing evidence that the parental rights of the parent, [**NAME**] to the child, [**NAME**], **SHOULD BE TERMINATED** on the statutory ground that [**Set forth ground for termination**—*E.g.*, the child has been born to a parent whose parental rights to another child have already been terminated before].

_____
FOREPERSON

_____
_____
_____
_____

## Notes on Use

The trial judge should fill in the appropriate ground for termination of parental rights. The jury must be given both this Verdict Form and the Verdict Form in § 2.23, *infra*, and it must return one Verdict Form or the other. *It is recommended that separate verdict forms should be used for each parent, each child and each alleged ground for termination.*

## Committee Comments

The trial judge is not required to direct the jury to make specific findings on the grounds for termination of parental rights. Okla. Const. Art. 7, § 15 ("no law . . . shall require the court to direct the jury to make findings of particular questions of fact"). Nevertheless, it will be necessary for the trial judge to specify the grounds for termination of parental rights in the journal entry of judgment in order to facilitate appellate review. *See In re C.T.*, 2003 OK CIV APP 107, ¶ 6, 82 P.3d 123, 125; *Bales v. State ex rel Dep't of Human Services*, 1999 OK CIV APP 96, ¶ 8, 990 P.2d 309, 311. *See also Matter of S.B.C.*, 2002 OK 83, ¶ 7, 64 P.3d 1080, 1083 (appellate court must find clear and convincing proof of grounds for termination of parental rights to affirm). Having the jury specify in its verdict the grounds it finds for termination of parental rights will facilitate the trial judge's preparation of the journal entry of judgment.

### Juvenile Instruction No. 2.23

**Verdict Form—No Termination of Parental Rights**

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

```
IN THE MATTER OF:        )
                         )
                         )    CASE NO. JD-
                         )
AN ALLEGED DEPRIVED      )
     CHILD
```

### VERDICT

### DO NOT TERMINATE PARENTAL RIGHTS

We, the jury, empaneled and sworn in the above entitled cause, do upon our oath, find the parental rights of the parent, [**NAME**] to the child, [**NAME**], **SHOULD NOT BE TERMINATED.**

_____
FOREPERSON

_____
_____
_____

### Notes on Use

*It is recommended that separate verdict forms should be used for each parent and each child.*

### Part B—Termination After Prior Adjudication

### Juvenile Instruction No. 2.31

### Duties of Jurors—To Be Given Prior to Deliberation

Since all the evidence in this case has been given to you, it is now my duty, under the law, to give you additional instructions that apply in this trial. These additional instructions contain all the rules of law that are to be applied by you in this case, and all the rules of law by which you are to weigh the evidence and determine the facts in issue in deciding this case and in reaching a verdict. You must consider the instructions as a whole and not as a part to the exclusion of the rest. All the testimony and evidence which it is proper for you to consider has been introduced in this case. You should not consider any matter of fact or of law except what has been given to you while this court is or has been in session.

It is your responsibility as jurors to determine the facts from the evidence, to follow the rules of law as stated in these instructions, to reach a fair and impartial verdict as you have sworn you would do. You must not use any method of chance in arriving at a verdict, but must base your verdict on the judgment of each juror.

### Committee Comments

This instruction is based on OUJI–CR 10–1.

### Juvenile Instruction No. 2.32

### Statement of the Case

This trial is the result of a petition filed by the State of Oklahoma asking for the permanent termination of parental rights.

The State alleged in the petition the following:

**[Set out the material allegations of the petition regarding grounds for termination of parental rights.]**

The petition is only the means for the State to seek termination of parental rights, and the State's allegations in the petition are not evidence in the case.

### Committee Comments

Although the jury should be informed of the material allegations of the petition regarding the termination of parental rights, the petition itself should not be read to the jury. *See Marathon Battery Co. v. Kilpatrick,* 1966 OK 268, ¶ 60, 418 P.2d 900, 915 ("it is not good practice to formulate the issues by reading at large from the pleadings").

As a result of the addition of paragraph (D) to 10 O.S. Supp.2004, § 7006–1.1 in 2000, the child's attorney may file the petition for termination of parental rights. If the petition was filed by the child's attorney, rather than the district attorney, this Instruction should be modified accordingly. In some counties, termination of parental rights may be initiated by motion, rather than by petition, and if so, this Instruction should also be modified accordingly.

### Juvenile Instruction No. 2.33

### Expert Witnesses

You have heard the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgement to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

## Committee Comments

This instruction is OUJI–CIV 2d No. 3.21. It is similar to OUJI–CR 9–42, except that expert witnesses are called opinion witnesses in OUJI–CR 9–42.

---

### Juvenile Instruction No. 2.34
### Effect of Termination of Parental Rights

The termination of parental rights terminates the parent-child relationship, including the following rights of the parent:

1) the parent's right to the custody of the child,

2) the parent's right to visit the child,

3) the parent's right to control the child's training and education,

4) the need for the parent to consent to the adoption of the child,

5) the parent's right to the earnings of the child, and

6) the parents' right to inherit from or through the child. It does not affect the child's right to inherit from the parent.

---

Statutory Authority: 10 O.S.2001, § 7006–1.3.

---

### Juvenile Instruction No. 2.35
#### Presumption That Parent Acts in Best Interest of Child

It is presumed that a child's best interests are ordinarily served by leaving the child in the custody of the parents, who are expected to have the strongest bond of love and affection and to be best able to provide a child those needed qualities. This presumption may be rebutted if there is clear and convincing evidence that the child would be neglected or abused if the child remained in the custody of the parents.

#### Committee Comments

This instruction is based on *Matter of Meekins*, 1976 OK CIV APP 32, ¶ 8, 554 P.2d 872, 874, where the Oklahoma Court of Civil Appeals stated:

A presumption exists that the best interests of children ordinarily are served by leaving them in the custody of the natural parents, the persons who are usually expected to have the strongest bond of love and affection and to be best able to provide them these needed qualities. *York v. Halley*, Okl., 534 P.2d 363 (1975). The presumption can be and often is rebutted, but a meaningful hearing should be a prerequisite to such rebuttal; and certainly, children should not be permanently removed from their parents by an order terminating parental rights without such a meaningful hearing.

*See also In re T.H.L.*, 1981 OK 103, ¶ 5, 636 P.2d 330, 332 ("The child's best interest is presumably served by leaving him in the custody of his natural parents only if this can be done with a reasonable assurance that no abuse or neglect would follow.").

---

### Juvenile Instruction No. 2.36
#### Burden of Proof for Termination of Parental Rights

The State has the burden of proving all the requirements for the termination of the parent's rights by clear and convincing evidence and you may return a verdict finding that parental rights are terminated only if you find that the State has satisfied its burden of proof.

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

**[For purposes of this case, you are required to accept the following matters as true:**

**List any issues that are not for the jury to decide either because they have been stipulated to by the parties or are not jury issues].**

#### Notes on Use

The pertinent Instructions on the grounds for termination of parental rights in Chapter

Three should be given immediately after this instruction.

The bracketed last paragraph should be given to the jury as part of this instruction if the trial judge concludes that there are some matters that the jury should be informed of that it should not decide. Alternatively, the trial judge may delete these matters as issues from other jury instructions. For example, if there is no dispute that there has been a prior adjudication that the child is deprived, the trial judge may either omit this element from the termination of parental rights instructions in Chapter Three, or else include this element in the instructions and instruct the jury that it is required to accept as true that the child has been adjudicated deprived.

As a result of the addition of paragraph (D) to 10 O.S. Supp.2004, § 7006–1.1 in 2000, the child's attorney may file the petition for termination of parental rights. If the petition was filed by the child's attorney, rather than the district attorney, this Instruction should be modified accordingly along with the applicable Instructions on the grounds for termination of parental rights in Chapter Three.

### Committee Comments

The Oklahoma Supreme Court held in *Matter of C.G.*, 1981 OK 131, ¶ 17, 637 P.2d 66, 71, that the clear and convincing evidence standard applied to termination of parental rights.

---

### Juvenile Instruction No. 2.37
#### Instructions for Verdict Forms

**[Use for cases where only one ground for termination is alleged.]** If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, **[NAME]** to the child, **[NAME]**, should be terminated on the statutory ground that **[Set forth ground for termination—***E.g.***,** the child has been born to a parent whose parental rights to another child have already been terminated before]**, you should sign and return the verdict form entitled Terminate Parental Rights for that parent and that child. Otherwise, you should sign and return

the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

### OR

**[Use for cases where multiple grounds for termination are alleged.]** If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, **[NAME]** to the child, **[NAME]**, should be terminated on one or more statutory grounds, you should sign and return the verdict form entitled Terminate Parental Rights for every such statutory ground for that parent and that child. It is not necessary that the same five people sign each verdict form. If you find that the State has not proved by clear and convincing evidence that the parental rights of the parent, **[NAME]** to the child, **[NAME]**, should be terminated on any statutory ground, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

### Notes on Use

As a result of the addition of paragraph (D) to 10 O.S. Supp.2004, § 7006–1.1 in 2000, the child's attorney may file the petition for termination of parental rights. If the petition was filed by the child's attorney, rather than the district attorney, this Instruction should be modified accordingly.

---

### Juvenile Instruction No. 2.38
#### Verdict Form—Termination of Parental Rights

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

IN THE MATTER OF:                )
                                 )
                                 )        CASE NO. JD-
                                 )
A DEPRIVED CHILD                 )

### VERDICT

### TERMINATE PARENTAL RIGHTS

We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find

by clear and convincing evidence that the parental rights of the parent, [NAME] to the child, [NAME], **SHOULD BE TERMINATED** on the statutory ground that the parent failed to correct the following **condition/conditions** that led to the adjudication that the child was deprived: [**Set forth condition/conditions that led to the deprived adjudication**].

---

FOREPERSON

_____

_____

_____

_____

_____

## Notes on Use

The trial judge should fill in the appropriate ground for termination of parental rights. The jury must be given both this Verdict Form and the Verdict Form in § 2.39, *infra*, and it must return one Verdict Form or the other. *It is recommended that separate verdict forms should be used for each parent, each child and each condition that led to the adjudication of the child's deprived status.*

## Committee Comments

The trial judge is not required to direct the jury to make specific findings on the grounds for termination of parental rights. Okla. Const. Art. 7, § 15 ("no law . . . shall require the court to direct the jury to make findings of particular questions of fact"). Nevertheless, it will be necessary for the trial judge to specify the grounds for termination of parental rights in the journal entry of judgment in order to facilitate appellate review. *See In re C.T.*, 2003 OK CIV APP 107, ¶ 6, 82 P.3d 123, 125; *Bales v. State ex rel Dep't of Human Services*, 1999 OK CIV APP 96, ¶ 8, 990 P.2d 309, 311. *See also Matter of S.B.C.*,

2002 OK 83, ¶ 7, 64 P.3d 1080, 1083 (appellate court must find clear and convincing proof of grounds for termination of parental rights to affirm). Having the jury specify in its verdict the grounds it finds for termination of parental rights will facilitate the trial judge's preparation of the journal entry of judgment.

---

### Juvenile Instruction No. 2.39

#### Verdict Form—No Termination of Parental Rights

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

IN THE MATTER OF: )
)
) CASE NO. JD-
)
A DEPRIVED CHILD )

## VERDICT

## DO NOT TERMINATE PARENTAL RIGHTS

We, the jury, empaneled and sworn in the above entitled cause, do upon our oath, find the parental rights of the parent, [NAME] to the child, [NAME], **SHOULD NOT BE TERMINATED**:

_____

FOREPERSON

_____

_____

_____

_____

_____

## Notes on Use

*It is recommended that separate verdict forms should be used for each parent and each child.*

---

## Chapter Three
### Grounds for Termination of Parental Rights

## List Of Contents

Juvenile    Title                                      Page
Instruction

.

No.

Introductory Note . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.1    Abandonment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.2    Abandoned Infant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.3    Noncompliance With Placement Agreement . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.4    Failure to Correct Conditions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.5    Failure to Correct Conditions—The Treatment Plan . . . . . . . . . . . . . . . . . . ——

3.6    Previous Termination of Rights to Another Child . . . . . . . . . . . . . . . . . . . . . ——

3.7    Failure to Contribute to Support of Child . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.8    Conviction of Certain Crimes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.9    Heinous or Shocking Physical or Sexual Abuse . . . . . . . . . . . . . . . . . . . . . . . ——

3.10   Failure to Protect Child From Heinous or Shocking Abuse . . . . . . . . . . . . . . ——

3.11   Severe Harm or Injury As a Result of Physical or Sexual Abuse . . . . . . . . . . ——

3.12   Failure to Protect Child From Severe Harm or Injury As a Result of
       Physical or Sexual Abuse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.13   Abuse Subsequent to Previous Adjudication . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.14   Severe Abuse or Neglect . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.15   Chronic Abuse or Neglect . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.16   Child Conceived as a Result of Rape . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.17   Incarceration of Parent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.18   Mental Illness or Mental Deficiency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.19   Definitions of Mental Illness and Mental Deficiency . . . . . . . . . . . . . . . . . . . ——

3.20   Parental History of Chronic Drug or Alcohol Abuse . . . . . . . . . . . . . . . . . . . ——

3.21   Child in Foster Care for Fifteen Months . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

3.22   Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

## Chapter Three
## GROUNDS FOR TERMINATION

### Introductory Note

This Chapter provides jury instructions for the grounds for termination of parental rights found in 10 O.S.2001 § 7006–1.1. The jury instructions are listed in the same order as the grounds for termination are found in the statute. The trial judge should select the appropriate jury instructions based on the allegations of the petition and the evidence presented at the termination hearing.

All of these instructions include the following two elements: 1) the child has been adjudicated to be deprived, and 2) termination of parental rights is in the best interests of the child.

The requirement that the child has been adjudicated to be deprived is included because of *A.E. v. State*, 1987 OK 76, ¶ 5, 743

P.2d 1041, 1043, where the Oklahoma Supreme Court held: "Any termination of parental rights pursuant to 10 O.S.1981 § 1130 requires either a prior or a simultaneous adjudication of a child's deprived status; further, the prior adjudication must precede termination." The Oklahoma Supreme Court distinguished *A.E. v. State* in *Matter of R.J.W.*, 1990 OK 23, ¶ 9, 789 P.2d 233, 235, where it ruled that a prior adjudication is not required for those grounds for termination that do not expressly include a prior adjudication as an element for termination of parental rights, The legislative history of the termination statute since the *R.J.W.* case indicates, however, that the Legislature's failure to include a deprived adjudication within each subdivision of the termination statute was not intended to obviate the general requirement of a prior or simultaneous adjudication. In 1986, a provision was added to the termination of parental rights statute (10 O.S. Supp.1986, § 1130(D)) that permitted a parent or guardian of a child to petition the court for termination in certain instances without a prior finding by the court that the child was deprived. That provision was replaced in 1998, however, with a provision that "this section shall not apply to adoption proceedings and actions to terminate parental rights which do not involve a petition for deprived status of the child." 10 O.S.2001, § 7006–1.1(C). In addition, in 2000, a subparagraph was added that provides: "A petition for termination of parental rights may be filed by the district attorney or the attorney of a child alleged to be or adjudicated deprived." 10 O.S.2001, § 7006–1.1(D)(1). As a result of these amendments to the termination statute concerning the requirement for a deprived petition, the *A.E. v. State* case is once again controlling, and every ground for termination of parental rights should include a requirement for a prior or simultaneous adjudication of deprived status.

The requirement that termination of parental rights must be in the best interests of the child is included because of the preamble in 10 O.S.2001, § 7006–1.1(A), which states "the paramount consideration in proceedings concerning termination of parental rights shall be the health, safety or welfare and best interests of the child." The Committee

further notes that the child's best interests is a separate consideration from parental harm or unfitness and that termination of parental rights cannot occur merely because it may be in a child's best interests. *Smith v. Organization of Foster Families*, 431 U.S. 816, 862–863 (1977) (Stewart, J., concurring in judgment); *Matter of Baby Girl L.*, 2002 OK 9, ¶ 22, 51 P.3d 544, 555 ("Our cases make it clear that the parent is entitled to custody unless found to be unfit.... Natural parents will not be deprived of custody simply because another family might be able to provide more amenities and opportunities for the child.") (quoting *Matter of Guardianship of M.R.S.*, 1998 OK 38, ¶ 21, 960 P.2d 357, 363).

---

## Juvenile Instruction No. 3.1
### Abandonment

The State seeks to terminate the parent's rights on the basis of abandonment. In order to terminate the parental rights on the basis of abandonment, the State must prove by clear and convincing evidence that:

1.  The child has been adjudicated to be deprived;

2.  Termination of parental rights is in the best interests of the child; and

3.  [The parent has left the child alone or in the care of another who is not the parent of the child without identifying the child or furnishing a means of identification for the child; the whereabouts of the parents are unknown; and the child's identity cannot be ascertained by the exercise of reasonable diligence.]

**OR**

3.  [The parent has voluntarily left the child alone or in the care of another who is not the parent of the child; and the parent expressed a willful intent by words, actions, or omissions not to return for the child.]

**OR**

3.  [The parent has failed to establish and/or maintain a substantial and positive

relationship with the child, despite an opportunity to do so, for a period of six (6) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for termination of parental rights. The term "establish and/or maintain a substantial and positive relationship" includes, but is not limited to:

(1) frequent and regular contact with the child through frequent and regular visitation and/or frequent and regular communication to or with the child, and

(2) the exercise of parental rights and responsibilities.

Incidental or token visits or communications shall not be sufficient to establish and/or maintain a substantial and positive relationship with the child.]

Statutory Authority: 10 O.S.2001, § 7006-1.1(A)(2)(c)(1–2).

### Notes on Use

The trial judge should select the particular definition or definitions for abandonment that are supported by the evidence. The provisions of 10 O.S.2001, § 7006-1.1(A)(2) use the term "child," which is defined in 10 O.S. Supp.2004, § 7001-1.3.(A)(4) as "any person" under the age of eighteen. Because an infant under the age of twenty four months is a "child," the provisions of 10 O.S.2001, § 7006-1.1(A)(2) would also apply to children who come within the definition of "abandoned infant" in 10 O.S. Supp.2004, § 7001-1.3.(A)(1).

### Committee Comments

Intent is ordinarily an element of abandonment. *Matter of James H.*, 1978 OK CIV APP 28, ¶ 6, 593 P.2d 1095, 1097 (the term abandonment "as used in the juvenile code also should be deemed to require a willful failure or neglect and not mere failure due to inability."); *In the Matter of the Adoption of O.L.P.*, 2002 OK CIV APP 17, ¶ 17, 41 P.3d 999, 1002 (the question of abandonment "must necessarily include some inquiry into the natural parent's subjective intent, manifested by objective conduct, to exercise the duties and obligations of a parent."). The Committee notes that the definition of abandonment in 10 O.S.2001, § 7006-1.1(A)(2)(c) does not contain an element of intent and that there are situations where a parent may have been denied the opportunity to develop a relationship with his/her child. *See In re Swanson*, 2 S.W.3d 180, 182–83 (Tenn.1999) (mother prevented father from maintaining relationship with child). In order to avoid potential constitutional issues regarding conclusive presumptions in those types of situations, this instruction requires the parent to have had an opportunity to develop a relationship.

---

### Juvenile Instruction No. 3.2
### Abandoned Infant

The State seeks to terminate the parent's rights on the basis that the child is an abandoned infant. In order to terminate the parental rights on the basis that the child is an abandoned infant, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;

2. Termination of parental rights is in the best interests of the child; and

3. [The child was twenty-four (24) months of age or younger; and the parent:

[willfully left the child alone or in the care of another who is not the parent of the child without identifying the child or furnishing any means or methods of identification.]

#### OR

[willfully left the child alone or in the care of another who is not the parent of the child and expressed a willful intent by words, actions, or omissions not to return for the child.]

#### OR

[knowingly placed or knowingly allowed the child to be placed in or remain in conditions or surroundings that posed or constituted a serious danger to the health and safety of the child thereby demonstrating wanton disregard for the child's

well-being. Serious danger to the health and safety means that without the intervention of another person or agency, a child would likely or in all probability sustain severe or permanent disability or injury, illness, or death.]

**OR**

[has not established and/or maintained a substantial and positive relationship with the child, despite being given the opportunity to do so, during the six (6) months immediately prior to out-of-home placement or the six (6) continuous months while in out-of-home placement, and has not made meaningful efforts to gain or regain custody of the child, despite being given the opportunity to do so. "Establish and/or maintain a substantial and positive relationship" includes but is not limited to:

(1) frequent and regular contact with the child through frequent and regular visitation or frequent and regular communication to or with the child, and

(2) the exercise of parental rights and responsibilities.

Incidental or token visits, communications or contributions shall not be sufficient to establish and/or maintain a substantial and positive relationship with the child.]

**OR**

3. [The child was less than ninety (90) days of age and the parent is a father, or a putative father if the infant was born out of wedlock, who despite having the opportunity to do has not exercised proper parental rights and responsibilities with regard to the child, including, but not limited to, contributing to the support of the mother of the child to the extent of the father's financial ability during the mother's term of pregnancy.].

---

Statutory Authority: 10 O.S. Supp.2004, §§ 7001–1.3(A)(1), (49); 10 O.S.2001, § 7006–1.1(A)(2).

**Notes on Use**

This Instruction should be used if the child was twenty-four months old or younger at the time of the filing of the petition. The trial judge should select the particular ground or grounds for finding that the child is an abandoned infant that are supported by the evidence.

**Committee Comments**

The provisions in 10 O.S. Supp.2004, § 7001–1.3(A)(1)(d)(2) and (3) for infants between 90 days and 14 months and between 14 and 24 months are not included in this instruction because of the Committee's concern that those provisions may violate the equal protection clause of the Fourteenth Amendment because they distinguish between fathers and mothers with respect to contributing to the support of the infant. See *Caban v. Mohammed*, 441 U.S. 380, 394 (1979) (gender-based distinction regarding need for parental consent to adoption violated the equal protection clause). In addition, the Committee notes that the statutory language, which places the burden of persuasion on the parent, is contrary to *Santosky v. Kramer*, 455 U.S. 745 (1982), and therefore the language in the instruction has been modified accordingly. Finally, the statutory language in 10 O.S. Supp.2004, § 7001–1.3(A)(1)(e) has been modified in this instruction to provide that the father must have had an opportunity to develop a relationship not only after a child has been placed in custody, but also before the child was placed in custody, in order to avoid constitutional issues regarding conclusive presumptions. *See In re Swanson*, 2 S.W.3d 180, 188 (Tenn.1999) (holding that a portion of a termination of parental statute was unconstitutional because it created an irrebuttable presumption that a failure to provide support for four months was abandonment, regardless of whether the failure was intentional).

---

**Juvenile Instruction No. 3.3**

**Noncompliance With Placement Agreement**

The State seeks to terminate the parent's rights on the basis that the parent has not

complied with a placement agreement. In order to terminate parental rights on the basis that the parent has not complied with a placement agreement, the State must prove by clear and convincing evidence that:

1.  The child has been adjudicated to be deprived;

2.  The parent voluntarily placed physical custody of the child with the Department of Human Services or with a child-placing agency for out-of-home placements;

3.  The parent has not complied with the placement agreement;

4.  The parent has not demonstrated during the placement period a firm intention to resume physical custody of the child or to make permanent legal arrangements for the care of the child;

5.  Allowing the parent to have custody of the child would result in actual or potential harm to the child; and

6.  Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(4).

### Committee Comments

The fifth element has been included because of the Committee's concern that 10 O.S.2001, § 7006–1.1(A)(4) does not on its face require proof of harm or parental unfitness, which is required as a prerequisite for termination of parental rights under both the Oklahoma and United States Constitutions as well as prior Oklahoma case law. In *Matter of Sherol A.S.*, 1978 OK 103, ¶ 22, 581 P.2d 884, 888, the Oklahoma Supreme Court declared:

> The purpose of termination is to protect children from HARM suffered by reason of either neglect or the intentional actions of their parents. .... There is no authority in our Juvenile Code which allows the State to interfere with family relationships where harm to children is not involved. This is, of course, a notion of constitutional dimension. The fundamental integrity of the family unit, which has found protection in the Due Process and Equal Protection Clauses of the Fourteenth Amendment and

the Ninth Amendment, is subject to intrusion and dismemberment by the State only where a "compelling" State interest arises and protecting the child from harm is the requisite State interest.

See also *Matter of S.T.G.*, 1991 OK 11, ¶ 10, 806 P.2d 636, 639 ("[w]e have held that in case of involuntary termination the fundamental integrity of the family unit is subject to intrusion and dismemberment by the State only where a 'compelling' State interest arises and protecting the child from harm is the requisite State interest."); *In re K.C.*, 2002 OK CIV APP 58, ¶ 20, 46 P.3d 1289, 1294 (reversing termination order because the State did not clearly and convincingly show that the parent posed a harm to the children or that termination was in the children's best interests).

---

### Juvenile Instruction No. 3.4
### Failure to Correct Conditions

The State seeks to terminate the parent's rights on the basis of failure to correct the **condition/conditions** that led to the finding that a child is deprived. In order to terminate parental rights on this basis, the State must prove by clear and convincing evidence each of the following elements:

1.  The child has been adjudicated to be deprived;

2.  The acts or omissions of the parent caused or contributed to the **condition/conditions** that caused the child to be deprived;

3.  The parent has failed to correct the **condition/conditions** that caused the child to be deprived;

4.  The parent has had at least three months to correct the **condition/conditions**; and,

5.  Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(5).

## Notes on Use

The trial judge should give Juvenile Instruction No. 3.5, *infra*, along with this Instruction.

## Committee Comments

The United States Supreme Court held in *Santosky v. Kramer*, 455 U.S. 745, 769–70 (1982), that the clear and convincing evidence standard is required by the Due Process Clause of the Fourteenth Amendment for termination of parental rights. *See also In the Matter of S.B.C.*, 2002 OK 83, ¶ 5, 64 P.3d 1080, 1082 ("before a state may sever the rights of parents in their natural child, the state must support its allegations at trial *by at least clear and convincing evidence*") (emphasis in original); *Matter of C.G.*, 1981 OK 31, ¶ 17, 637 P.2d 66, 71 ("the termination seeking claimant must prove by clear and convincing evidence parental potential for harm to the child by abuse or neglect"). The United States Supreme Court decided in the *Santosky* case that a clear and convincing evidence standard was constitutionally required because the government's interest in a preponderance standard was less than the interests of the parent and child in a higher standard and because the risk of error from using a preponderance standard was substantial. 455 U.S. at 758.

One of the grounds for termination of parental rights found in 10 O.S.2001, § 7006–1.1(A)(5) is that "the parent has failed to show that the condition which led to the adjudication of a child deprived has been corrected." The Oklahoma Court of Civil Appeals has stated in dicta that this provision causes the burden of proof to be shifted to the parent to show conditions have changed and been corrected since the deprived child adjudication. *In the Matter of T.M.*, 2003 OK CIV APP 1, ¶ 7, 62 P.3d 802, 804; *In the Matter of J.M.*, 1993 OK CIV APP 121, ¶ 4, 858 P.2d 118, 120. In addition, prior to the *Santosky* decision, the Oklahoma Supreme Court ruled in *In the Matter of Christopher H.*, 1978 OK 50, ¶ 8, 577 P.2d 1292, 1293, that: "after a child is adjudicated within the purview of the juvenile statutes and conditions are proven to be serious enough to warrant § 1130 sanctions, the par-

ent has the burden of coming forward with evidence to show conditions have been changed."

The Committee believes that interpreting 10 O.S.2001, § 7006–1.1(A)(5) to place the burden of persuasion on the parent would raise constitutional issues for the reasons that the United States Supreme Court articulated in *Santosky*. *See* 455 U.S. at 758–69. Furthermore, the Committee notes that *In the Matter of T.M.*, 2003 OK CIV APP 1, ¶ 16, 62 P.3d 802, 806, the Oklahoma Court of Civil Appeals applied a clear and convincing evidence standard of appellate review with respect to the trial court's findings that the parent failed to correct the conditions that led to the deprived child adjudication.

Accordingly, this Instruction requires the State to prove that the parent failed to correct the conditions that led to the deprived child adjudication by clear and convincing evidence.

---

## Juvenile Instruction No. 3.5
### Failure to Correct Conditions—
### The Treatment Plan

In order for you to find that there has been a failure to correct the **condition/conditions** which caused a child to be found deprived, you must find that the Court placed the parent on notice of the **condition/conditions** to be corrected by means of a service plan or treatment plan.

A "service plan" or "treatment plan" provides a list of activities or standards of conduct that are designed to assist the parent to correct the **condition/conditions** that caused a child to be deprived.

In order to terminate parental rights, you must find by clear and convincing evidence that the **condition/conditions** which caused the child to be deprived **has/have** not been corrected. Failure to complete a treatment plan alone is not a basis to terminate parental rights, but it is evidence that the jury may consider in determining whether the **condition/conditions has/have** been corrected.

---

Statutory Authority: 10 O.S.2001, § 7003–5.3.

### Committee Comments

The Oklahoma Supreme Court has ruled that due process requires a parent to be given notice of the standards that the parent must satisfy to avoid termination of parental rights so that the parent will have an opportunity to rectify past parental abuse or neglect. *Matter of A.D.B.*, 1991 OK 96, ¶ 15, 818 P.2d 483, 489; *Matter of C.G.*, 1981 OK 31, ¶ 9, 637 P.2d 66, 68–69; *In re T.H.L.*, 1981 OK 103, ¶ 11, 636 P.2d 330, 333. The treatment plan required by 10 O.S.2001, § 7703–5.3 provides the notice to the parent of the standards that the parent must conform to.

---

### Juvenile Instruction No. 3.6
#### Previous Termination of Rights to Another Child

The State seeks to terminate the parent's rights on the basis that a child has been born to a parent whose parental rights to another child have already been terminated before. In order to terminate parental rights on this basis, the State must prove by clear and convincing evidence each of the following elements:

1.  The child has been adjudicated to be deprived;

2.  The parent's parental rights to another child have been terminated before;

3.  The condition which led to the finding that resulted in the termination of parental rights to the other child has not been corrected; and,

4.  Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(6).

---

### Juvenile Instruction No. 3.7
### Failure to Contribute to Support of Child

The State seeks to terminate the parent's rights on the basis that the parent has will-fully failed, refused or neglected to contribute to the support of a child. In order to terminate parental rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child, the State must prove by clear and convincing evidence each of the following elements:

1.  The child has been adjudicated to be deprived;

2.  The parent did not have custody of the child;

3.  The parent has willfully failed, refused or neglected to contribute to the support of the child for twelve (12) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for termination of parental rights in substantial compliance with a court order of support; or, if no provision for support is provided in an order, according to the parent's financial ability to contribute to the child's support; and,

4.  Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(7).

---

### Juvenile Instruction No. 3.8
#### Conviction for Certain Crimes

The State seeks to terminate the parent's rights on the basis of a conviction for [**Specify One or More of the Following Crimes in 10 O.S.2001, § 7006–1.1(8) or (9)** ]:

[permitting a child to participate in pornography]

[rape]

[lewd molestation of a child under sixteen years of age]

[child abuse or neglect]

[enabling child abuse or neglect]

[causing the death of a child as a result of the physical or sexual abuse or chronic abuse or chronic neglect of the child]

[causing the death of a sibling of the child as a result of the physical or sexual abuse

or chronic abuse or chronic neglect of the child's sibling]

[committing murder of any child or aiding or abetting, attempting, conspiring or soliciting to commit murder of any child]

[committing voluntary manslaughter of another child of the parent, or aiding or abetting, attempting, conspiring or soliciting to commit voluntary manslaughter of another child of the parent]

[committing a felony assault that has resulted in serious bodily injury to the child or another child of the parent]

In order to terminate parental rights on the basis of a conviction for [**Specify Crime in 10 O.S.2001, § 7006–1.1(8) or (9)**], the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;

2. The parent has been convicted in a criminal action for [**Specify Crime in 10 O.S.2001, § 7006–1.1(8) or (9)**]; and,

3. Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(8), (9).

### Committee Comments

The first five crimes in this instruction are designated in 10 O.S.2001, § 70006–1.1(A)(8) by reference to the following Oklahoma Statutes: 21 O.S.2001, §§ 1021.3 (permitting a child to participate in pornography), 1111 (rape), 1123 (lewd molestation of a child under sixteen years of age), 10 O.S. Supp.2004, § 7115 (child abuse or neglect and enabling child abuse or neglect). The other crimes are designated in 10 O.S.2001, § 70006–1.1(A)(9) by name, rather than by reference to an Oklahoma statute.

Although voluntary manslaughter is listed in 10 O.S.2001, § 7006–1.1(A)(9) as a basis for termination of parental rights, the distinction between voluntary and involuntary manslaughter found in the federal statutes is not recognized in the Oklahoma criminal law statutes. *Compare* 18 U.S.C.A § 1112 (2000) *with* 21 O.S.2001, §§ 711 (first degree man-

slaughter), 716 (second degree manslaughter). The federal statute, 18 U.S.C.A § 1112 (2000), defines voluntary manslaughter as "the unlawful killing of a human being without malice ... [u]pon a sudden quarrel or heat of passion." This definition is similar to one type of first degree manslaughter found in 21 O.S.2001, § 711(2) (first degree manslaughter is homicide "perpetrated without a design to effect death, and in a heat of passion"). If the State seeks termination of parental rights on the basis of a manslaughter conviction, the trial court should ascertain whether the manslaughter conviction corresponds to a voluntary manslaughter conviction under the federal statute.

---

### Juvenile Instruction No. 3.9
### Heinous or Shocking Physical or Sexual Abuse

The State seeks to terminate the parent's rights on the basis of the parent's heinous or shocking physical or sexual abuse of **(the child)/(a sibling of the child)**. In order to terminate parental rights on the basis of the parent's heinous or shocking physical or sexual abuse of **(the child)/(a sibling of the child)**, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;

2. The parent has physically or sexually abused **(the child)/(a sibling of the child)**;

3. The abuse was heinous or shocking; and,

4. Termination of parental rights is in the best interests of the child.

"Abuse" means harm or threatened harm to a child's health, safety or welfare.

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.

"Heinous or shocking" means extremely wicked or shockingly evil, or designed to inflict a high degree of pain; or, utter indifference to or enjoyment of the suffering of others.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(10)(a); 10 O.S. Supp.2004, § 7102(B)(1), (6).

## Committee Comments

Termination of parental rights is authorized under 10 O.S.2001, § 7006–1.1(A)(10)(a) on account of a finding in a deprived child action that "the parent has physically or sexually abused the child or a sibling of such child or failed to protect the child or a sibling of such child from physical or sexual abuse that is heinous or shocking to the court." The Committee has concluded that the requirement that the physical or sexual abuse must be heinous or shocking applies both to a parent who physically or sexually abused a child and to a parent who failed to protect a child from physical or sexual abuse. Otherwise, the provision for termination of parental rights in 10 O.S.2001, § 7006–1.1(A)(10)(d) for physical or sexual abuse subsequent to a previous finding of physical or sexual abuse would be surplusage.

The definitions of "abuse" and "sexual abuse" are taken from 10 O.S. Supp.2004, § 7102(B)(1) (abuse) and (6) (sexual abuse). The definition of heinous or shocking is based on the definitions of heinous, atrocious and cruel in OUJI–CR 4–73.

For examples of heinous or shocking abuse, see *Matter of S.T.G.*, 1991 OK 11, ¶ 11, 806 P.2d 636, 639 (starvation of an infant); *Matter of T.R.W.*, 1985 OK 99, ¶ 30 & n. 15, 722 P.2d 1197, 1203 (medical testimony showed child suffered subarachnoid brain hemorrhages, general brain dysfunction, bruising over much of his body, and retinal hemorrhaging, all associated with trauma); *In re M.B.*, 2000 OK CIV APP 56, ¶ 6, 6 P.3d 1072, 1074 (mother placed urine in child's intravenous feeding bag, but nurse removed bag from child before child was injured).

## Juvenile Instruction No. 3.10
### Failure to Protect Child From Heinous or Shocking Abuse

The State seeks to terminate the parent's rights on the basis of the parent's failure to protect (the child)/(a sibling of the child) from heinous or shocking abuse. In order to terminate parental rights on the basis of the parent's failure to protect (the child)/(a sibling of the child) from heinous or shocking abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;

2. The parent knew or reasonably should have known of physical or sexual abuse to (the child)/(a sibling of the child);

3. The physical or sexual abuse was heinous or shocking;

4. The parent failed to protect (the child)/(a sibling of the child) from the heinous or shocking physical or sexual abuse; and,

5. Termination of parental rights is in the best interests of the child.

"Abuse" means harm or threatened harm to a child's health, safety or welfare.

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.

"Heinous or shocking" means extremely wicked or shockingly evil, or designed to inflict a high degree of pain; or, utter indifference to or enjoyment of the suffering of others.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(10)(a); 10 O.S. Supp.2004, § 7102(B)(1), (6).

## Committee Comments

The second element is based on *Matter of L.C.*, 1998 OK CIV APP 96, ¶ 15, 969 P.2d 29, 33, where the Oklahoma Court of Civil Appeals held that there must be clear and convincing evidence that the parent had notice of the abuse and failed to protect the child.

The definitions of abuse and sexual abuse are based on 10 O.S. Supp.2004, § 7102 (B)(1), (6), except that the Committee has deleted the limitation that the abuse or sexual abuse was committed by a person responsible for the child's health, safety or welfare. Section 7102 is in the Oklahoma Child Abuse Reporting Act, rather than the Oklahoma Children's

Code, and therefore the definitions of abuse and sexual abuse may not be applicable to termination of parental rights. The Committee believes that in order to accommodate the provisions of 10 O.S.2001, § 7006-1.1(A)(10), failure to protect, abuse and sexual abuse should be defined broadly to include conduct by persons other than those who are responsible for the child's health, safety or welfare. In addition, the Committee believes that the definitions utilized in this instruction reflect the views held by the courts and attorneys in Oklahoma. *Cf. Bales v. State ex. Rel. Dept. of Human Services,* 1999 OK CIV APP 96, ¶ 2, 990 P.2d 309, 310 (failure of mother to protect child from a child molester was ground for adjudication of deprived status).

---

## Juvenile Instruction No. 3.11
### Severe Harm or Injury As a Result of Physical or Sexual Abuse

The State seeks to terminate the parent's rights on the basis of the parent's causing **(the child)/(a sibling of the child)** to suffer severe harm or injury as a result of the parent's physical or sexual abuse. In order to terminate parental rights on the basis of the parent's causing **(the child)/(a sibling of the child)** to suffer severe harm or injury as a result of the parent's physical or sexual abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;

2. The parent physically or sexually abused **(the child)/(a sibling of the child)**;

3. **(The child)/(A sibling of the child)** suffered severe harm or injury as a result of the physical or sexual abuse; and,

4. Termination of parental rights is in the best interests of the child.

"Abuse" means harm or threatened harm to a child's health, safety or welfare.

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law,.

---

Statutory Authority: 10 O.S.2001, § 7006-1.1(A)(10)(b); 10 O.S. Supp.2004, § 7102(B)(1), (6).

### Committee Comments

The Committee has concluded that 10 O.S. 2001, § 7006-1.1(A)(10)(b) provides an alternative ground for termination of parental rights if the child suffers severe harm or injury as a result of the parent's physical or sexual abuse. In contrast to termination of parental rights under 10 O.S.2001, § 7006-1.1(A)(10)(a), the physical or sexual abuse need not be heinous or shocking for termination of parental rights to be authorized under 10 O.S.2001, § 7006-1.1(A)(10)(b).

---

## Juvenile Instruction No. 3.12
### Failure to Protect Child From Severe Harm or Injury As a Result of Physical or Sexual Abuse

The State seeks to terminate the parent's rights on the basis of the parent's failure to protect **(the child)/(a sibling of the child)** from severe harm or injury as a result of physical or sexual abuse. In order to terminate parental rights on the basis of the parent's failure to protect **(the child)/(a sibling of the child)** from severe harm or injury as a result of physical or sexual abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;

2. The parent knew or reasonably should have known of severe harm or injury to **(the child)/(a sibling of the child)** as a result of physical or sexual abuse;

3. The parent failed to protect **(the child)/(a sibling of the child)** from the severe harm or injury; and,

4. Termination of parental rights is in the best interests of the child.

"Abuse" means harm or threatened harm to a child's health, safety or welfare.

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(10)(b); 10 O.S. Supp.2004, § 7102 (B)(1), (6).

### Committee Comments

The second element is based on *Matter of L.C.*, 1998 OK CIV APP 96, ¶ 15, 969 P.2d 29, 33, where the Oklahoma Court of Civil Appeals held that there must be clear and convincing evidence that the parent had notice of the abuse and failed to protect the child.

The definitions of abuse and sexual abuse are based on 10 O.S. Supp.2004, § 7102 (B)(1), (6), except that the Committee has deleted the limitation that the abuse or sexual abuse was committed by a person responsible for the child's health, safety or welfare. Section 7102 is in the Oklahoma Child Abuse Reporting Act, rather than the Oklahoma Children's Code, and therefore the definitions of abuse and sexual abuse may not be applicable to termination of parental rights. The Committee believes that in order to accommodate the provisions of 10 O.S.2001, § 7006–1.1(A)(10), failure to protect, abuse and sexual abuse should be defined broadly to include conduct by persons other than those who are responsible for the child's health, safety or welfare. In addition, the Committee believes that the definitions utilized in this instruction reflect the views held by the courts and attorneys in Oklahoma. *Cf. Bales v. State ex. Rel. Dept. of Human Services*, 1999 OK CIV APP 96, ¶ 2, 990 P.2d 309, 310 (failure of mother to protect child from a child molester was ground for adjudication of deprived status).

### Juvenile Instruction No. 3.13
#### Abuse Subsequent to Previous Adjudication

The State seeks to terminate the parent's rights on the basis of abuse subsequent to a previous adjudication of (the child)/(a sibling of the child) as a deprived child. In order to terminate parental rights on the basis of abuse or neglect subsequent to a previous adjudication, the State must prove by clear and convincing evidence each of the following elements:

1.  The child has been adjudicated to be deprived;

2.  There has been a previous finding by a court that the parent has physically or sexually abused (the child)/(a sibling of the child) or failed to protect (the child)/(a sibling of the child) from physical or sexual abuse;

3.  After the previous finding of physical or sexual abuse, the parent has physically or sexually abused (the child)/(a sibling of the child) or failed to protect (the child)/(a sibling of the child) from physical or sexual abuse; and,

4.  Termination of parental rights is in the best interests of the child.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(10)(c).

### Juvenile Instruction No. 3.14
#### Severe Abuse or Neglect

The State seeks to terminate the parent's rights on the basis of severe abuse or neglect to (the child)/(a sibling of the child)/(another child within the household where the child resides). In order to terminate parental rights on the basis of severe abuse or neglect to (the child)/(a sibling of the child)/(another child within the household where the child resides), the State must prove by clear and convincing evidence that:

1.  The child has been adjudicated to be deprived;

2.  As a result of even a single incident

a) of severe sexual abuse, severe neglect or the infliction of serious bodily injury or torture by the parent

b) to (the child)/(a sibling of the child)/(another child within the household where the child resides); and,

3.  Termination of parental rights is in the best interests of the child.

"Serious bodily injury" means a bodily injury that involves:

1)  substantial risk of death,

2)  extreme physical pain,

3) protracted and obvious disfigurement, or

4) protracted loss or impairment of the function of a bodily member, organ or mental faculty.

"Torture" means inflicting:

1) intense emotional or psychological anguish to or suffering by the child, or

2) physical pain for the purpose of coercing or terrorizing the child.

---

Statutory Authority: 10 O.S.2001, §§ 7006–1.1(A)(10)(d); 7001–1.3(A)(48) (definition of serious bodily injury); 7001–1.3(A)(54) (definition of torture).

---

### Juvenile Instruction No. 3.15
### Chronic Abuse or Neglect

The State seeks to terminate the parent's rights on the basis of chronic abuse or neglect to **(the child)/(a sibling of the child)/(another child within the household where the child resides)**. In order to terminate parental rights on the basis of chronic abuse or neglect to **(the child)/(a sibling of the child)/(another child within the household where the child resides)**, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;

2. The parent has inflicted chronic abuse, chronic neglect, or torture on **(the child)/(a sibling of the child)/(another child within the household where the child resides)**; and,

3. Termination of parental rights is in the best interests of the child.

"Chronic abuse or chronic neglect" is a pattern of physical or sexual abuse or neglect that is repeated or continuing.

---

Statutory Authority: 10 O.S.2001, §§ 7006–1.1(A)(10)(e), 7001–1.3(A)(8) (definition of chronic abuse or chronic neglect).

---

### Juvenile Instruction No. 3.16
### Child Conceived As a Result of Rape

The State seeks to terminate the parent's rights on the basis that the child was conceived as a result of rape. In order to terminate parental rights on the basis that the child was conceived as a result of rape, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;

2. The child was conceived as a result of a rape committed by the parent;

3. The child has been placed out of the home; and,

4. Termination of parental rights is in the best interests of the child.

Rape is an act of sexual intercourse under the following circumstances: **[Specify Grounds for Rape in** 21 O.S.2001, § 1111 **]**.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(11).

---

### Juvenile Instruction No. 3.17
### Incarceration of Parent

The State seeks to terminate the parent's rights on the basis that the parent has been incarcerated. In order to terminate the parental rights on the basis that the parent has been incarcerated, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;

2. Custody of the child has been placed outside the home of the natural or adoptive parent, guardian or extended family member;

3. The parent has been incarcerated;

4. The continuation of parental rights would result in harm to the child; and,

5. Termination of parental rights is in the best interests of the child.

In determining whether the continuation of parental rights would result in harm to the

child you may consider the following factors, among others:

1. The duration of imprisonment and its detrimental effect on the parent/child relationship;

2. Any previous imprisonments;

3. Any history of criminal behavior, including crimes against children;

4. The age of the child;

5. The evidence of abuse or neglect of the child or siblings of the child by the parent; and

6. The current relationship between the parent and the child and the manner in which the parent has exercised parental rights and duties in the past.

The fact that a parent has been incarcerated is not, in and of itself, sufficient to deprive a parent of parental rights.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(12).

## Juvenile Instruction No. 3.18
### Mental Illness or Mental Deficiency

The State seeks to terminate the parent's rights on the basis of the parent's mental illness or mental deficiency. In order to terminate parental rights on the basis of a parent's mental illness or mental deficiency, the State must prove by clear and convincing evidence each of the following elements:

1. The child has been adjudicated deprived;

2. Custody of the child has been placed outside the home of a natural or adoptive parent, guardian or extended family member;

3. The parent has a mental illness or mental deficiency, as defined in these instructions, which renders the parent incapable of adequately and appropriately exercising parental rights, duties and responsibilities;

4. The continuation of parental rights would result in harm or threatened harm to the child;

5. The mental illness or mental deficiency of the parent is such that it will not respond to treatment, therapy or medication and, based upon competent medical opinion, the condition will not substantially improve; and,

6. Termination of parental rights is in the best interests of the child.

A finding that a person suffers from a mental illness is not in and of itself sufficient to terminate parental rights.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(13).

### Notes on Use

The trial judge should give Juvenile Instruction No. 3.19, *infra*, along with this Instruction.

## Juvenile Instruction No. 3.19
### Definitions of Mental Illness and Mental Deficiency

A "mental illness" means a mental disease to such extent that a person so afflicted requires care and treatment for **his/her** own welfare, or the welfare of others, or of the community.

A "mental deficiency" means mental deficiency to such extent that a person so afflicted is incapable of managing **himself/herself** and **his/her** affairs, but does not include a mental illness.

Statutory Authority: 43A O.S.2001, § 6–201 Article II(f), (g).

## Juvenile Instruction No. 3.20
### Parental History of Chronic Drug or Alcohol Abuse

The State seeks to terminate the parent's rights on the basis that the parent has a history of chronic drug or alcohol abuse. In order to terminate parental rights on the basis that the parent has a history of chronic

drug or alcohol abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;

2. The parent has a history of extensive, abusive and chronic use of drugs or alcohol;

3. The parent has resisted treatment for the chronic drug or alcohol use during a three year period immediately before the filing of the petition;

4. Allowing the parent to have custody of the child would result in actual or potential harm to the child; and,

5. Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(14).

## Committee Comments

The Oklahoma provision in 10 O.S.2001, § 7006–1.1(A)(14) is identical to a California statute, Cal. Welf. & Inst.Code § 361.5 (West 2002), prior to the California statute's amendment in 2002 to expressly provide that the treatment must have been ordered by the court.

The Committee notes that the word "during" in the third element above and in the text of 10 O.S.2001, § 7006–1.1(A)(14), is ambiguous. It means either "throughout the duration . . . of" or "at some time or point in the course of." The Random House Dictionary of the English Language 608 (2nd ed.1987). The Committee recommends defining "during" as "throughout the duration of" because this is consistent with preserving family integrity.

In interpreting an identical statute in *Karen S. v. Superior Court*, 69 Cal.App.4th 1006, 1010, 81 Cal.Rptr.2d 858, 861 (1999), the California Court of Appeal held that "resisting treatment" encompassed both active and passive behavior. It reasoned:

Thus, a parent can actively resist treatment for drug or alcohol abuse by refusing to attend a program or by declining to participate once there. The parent also can passively resist by participating in treatment but nonetheless continuing to

abuse drugs or alcohol, thus demonstrating an inability to use the skills and behaviors taught in the program to maintain a sober life. In either case, a parent has demonstrated a resistance to eliminating the chronic use of drugs or alcohol which led to the need for juvenile court intervention to protect the parent's child. In other words, the parent has demonstrated that reunification services would be a fruitless attempt to protect the child because the parent's past failure to benefit from treatment indicates that future treatment also would fail to change the parent's destructive behavior.

The fourth element has been included because of the Committee's concern that 10 O.S.2001, § 7006–1.1(A)(14) does not on its face require proof of harm or parental unfitness, which is required as a prerequisite for termination of parental rights under both the Oklahoma and United States Constitutions as well as prior Oklahoma case law. In *Matter of Sherol A.S.*, 1978 OK 103, ¶ 22, 581 P.2d 884, 888, the Oklahoma Supreme Court declared:

The purpose of termination is to protect children from HARM suffered by reason of either neglect or the intentional actions of their parents. . . . . There is no authority in our Juvenile Code which allows the State to interfere with family relationships where harm to children is not involved. This is, of course, a notion of constitutional dimension. The fundamental integrity of the family unit, which has found protection in the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Ninth Amendment, is subject to intrusion and dismemberment by the State only where a "compelling" State interest arises and protecting the child from harm is the requisite State interest.

*See also Matter of S.T.G.*, 1991 OK 11, ¶ 10, 806 P.2d 636, 639 ("[w]e have held that in case of involuntary termination the fundamental integrity of the family unit is subject to intrusion and dismemberment by the State only where a 'compelling' State interest arises and protecting the child from harm is the requisite State interest."); *In re K.C.*, 2002 OK CIV APP 58, ¶ 20, 46 P.3d 1289,

1294 (reversing termination order because the State did not clearly and convincingly show that the parent posed a harm to the children or that termination was in the children's best interests).

---

## Juvenile Instruction No. 3.21

### Child in Foster Care for Fifteen Months

The State seeks to terminate the parent's rights on the basis that the child has been in foster care for 15 months. In order to terminate parental rights on the basis that the child has been in foster care for 15 months, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;

2. The child has been placed in foster care by the Department of Human Services for 15 months out of the most recent 22 months before the filing of the petition;

3. The parent was responsible for the child's being in foster care for 15 of the most recent 22 months;

4. Allowing the parent to have custody of the child would result in actual or potential harm to the child; and,

5. Termination of parental rights is in the best interests of the child.

A child is deemed to have entered foster care on the earlier of:

1. The date of the adjudication that the child was deprived; or,

2. Sixty days after the date the child was removed from the home.

---

Statutory Authority: 10 O.S.2001, §§ 7006–1.1(A)(15), 7003–4.7(A)(1).

### Committee Comments

This instruction is based on 10 O.S.2001, §§ 7006–1.1(A)(15), which provides for termination of parental rights if "[a] child has been placed in foster care by the Department of Human Services for fifteen (15) of the most recent twenty-two (22) months preceding the filing of the petition." The Oklahoma Court of Civil Appeals stated in *Matter of M.C.*, 1999 OK CIV APP 128, ¶ 6, 993 P.2d 137,

139, that "the plain purpose [of this provision] is to protect children from extended foster care."

The third element in the instruction is included because of the ruling by the Oklahoma Court of Civil Appeals in *Matter of C.R.T.*, 2003 OK CIV APP 29, ¶ 33, 66 P.3d 1004, 1012, that:

In the context of extended foster care, the evidence must also show that the parent bears the culpable responsibility for the fact that the child has been in foster care for the requisite period and that the parent is not the subject of an uncorrected condition which is by its nature beyond the parent's power to correct.

The fourth element has been included because of the Committee's concern that 10 O.S.2001, § 7006–1.1(A)(15) does not on its face require proof of harm or parental unfitness, which is required as a prerequisite for termination of parental rights under both the Oklahoma and United States Constitutions as well as prior Oklahoma case law. In *Matter of Sherol A.S.*, 1978 OK 103, ¶ 22, 581 P.2d 884, 888, the Oklahoma Supreme Court declared:

The purpose of termination is to protect children from HARM suffered by reason of either neglect or the intentional actions of their parents. .... There is no authority in our Juvenile Code which allows the State to interfere with family relationships where harm to children is not involved. This is, of course, a notion of constitutional dimension. The fundamental integrity of the family unit, which has found protection in the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Ninth Amendment, is subject to intrusion and dismemberment by the State only where a "compelling" State interest arises and protecting the child from harm is the requisite State interest.

*See also Matter of S.T.G.*, 1991 OK 11, ¶ 10, 806 P.2d 636, 639 ("[w]e have held that in case of involuntary termination the fundamental integrity of the family unit is subject to intrusion and dismemberment by the State only where a 'compelling' State interest arises and protecting the child from harm is

the requisite State interest."); *In re K.C.,* 2002 OK CIV APP 58, ¶ 20, 46 P.3d 1289, 1294 (reversing termination order because the State did not clearly and convincingly show that the parent posed a harm to the children or that termination was in the children's best interests).

---

## Juvenile Instruction No. 3.22

### Definitions

Abuse—"Abuse" means harm or threatened harm to a child's health, safety or welfare.

Statutory Authority: 10 O.S. Supp.2004, § 7102(B)(1).

Chronic abuse or chronic neglect—"Chronic abuse or chronic neglect" is a pattern of physical or sexual abuse or neglect that is repeated or continuing.

Statutory Authority: 10 O.S.2001, § 7001-1.3(A)(8).

Heinous or Shocking—"Heinous or shocking" means extremely wicked or shockingly evil, or designed to inflict a high degree of pain; or, utter indifference to or enjoyment of the suffering of others.

Mental Illness—A "mental illness" means a mental disease to such extent that a person so afflicted requires care and treatment for his/her own welfare, or the welfare of others, or of the community.

Statutory Authority: 43A O.S.2001, § 6-201 Article II(f).

Mental Deficiency—A "mental deficiency" means mental deficiency to such extent that a person so afflicted is incapable of managing himself and his affairs, but does not include a mental illness.

Statutory Authority: 43A O.S.2001, § 6-201 Article II(g).

Serious Bodily Injury—"Serious bodily injury" means a bodily injury that involves: 1) substantial risk of death, 2) extreme physical pain, 3) protracted and obvious disfigurement, or 4) protracted loss or impairment of the function of a bodily member, organ or mental faculty.

Statutory Authority: 10 O.S.2001, § 7001-1.3(A)(48).

Sexual abuse—"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.

Statutory Authority: 10 O.S. Supp.2004, § 7102 (B)(6).

Torture—"Torture" means inflicting: 1) intense emotional or psychological anguish to or suffering by the child, or 2) physical pain for the purpose of coercing or terrorizing the child.

Statutory Authority: 10 O.S.2001, § 7001-1.3(A)(54).

---

### Chapter Four
### Minor in Need of Treatment
### List Of Contents

| Juvenile Instruction No. | Title | Page |
|---|---|---|
| 4.1 | Duties of Jurors—To Be Given Prior to Deliberation | —— |
| 4.2 | Statement of the Case | —— |
| 4.3 | Definition of "Minor In Need of Treatment" | —— |
| 4.4 | Definition of "Mental Illness" | —— |
| 4.5 | Definition of "Inpatient Treatment" | —— |
| 4.6 | Expert Witnesses | —— |

4.7        Elements Required For Finding That Minor Is In Need of Treatment . . . . . . ——

4.8        Burden of Proof—Clear and Convincing Evidence . . . . . . . . . . . . . . . . . . . . . . ——

4.9        Verdict Form—Minor in Need of Treatment . . . . . . . . . . . . . . . . . . . . . . . . . . . ——

4.10      Verdict Form—Minor Not in Need of Treatment . . . . . . . . . . . . . . . . . . . . . . . ——

## Juvenile Instruction No. 4.1

### Duties of Jurors—To Be Given Prior to Deliberation

Since all the evidence in this case has been given to you, it is now my duty, under the law, to give you the instructions that apply in this trial. The instructions contain all rules of the law that are to be applied by you in this case, and all the rules of law by which you are to weigh the evidence and determine the facts in issue in deciding this case and in reaching a verdict. You must consider the instructions as a whole and not as a part to the exclusion of the rest. All the testimony and evidence which it is proper for you to consider has been introduced in this case. You should not consider any matter of fact or of law except what has been given to you while this court is or has been in session.

It is your responsibility as jurors to determine the facts from the evidence, to follow the rules of law as stated in these instructions, to reach a fair and impartial verdict as you have sworn you would do. You must not use any method of chance in arriving at a verdict, but must base your verdict on the judgment of each juror.

### Committee Comments

This instruction is based on OUJI–CR 10–1 and 10–2.

## Juvenile Instruction No. 4.2

### Statement of the Case

This trial is the result of a petition filed by the State of Oklahoma alleging that the child is a minor in need of treatment.

The State alleged in the petition the following:

[Set out the material allegations of the petition regarding allegations that the child is a minor in need of treatment.]

The petition is only the means by which a case is initiated, and the State's allegations in the petition are not evidence in the case.

### Committee Comments

Although the jury should be informed of the material allegations of a petition alleging a child is a minor in need of treatment, the petition itself should not be read to the jury. *See Marathon Battery Co. v. Kilpatrick,* 1966 OK 268, ¶ 60, 418 P.2d 900, 915 ("it is not good practice to formulate the issues by reading at large from the pleadings").

## Juvenile Instruction No. 4.3

### Definition of "Minor In Need of Treatment"

A "minor in need of treatment" means any person under eighteen years of age who:

1) has a demonstrable mental illness; and

2) as a result of that mental illness can be expected within the near future to inflict or attempt to inflict serious bodily harm to **himself/herself** or another person; and

3) has engaged in one or more recent overt acts or made significant recent threats which substantially support that expectation.

### OR

has a demonstrable mental illness of sufficient severity to cause substantial impairment or disability in at least two of the following major areas of functioning in the minor's life:

1) family relations,

2) school performance,

3) social interactions,

4) ability to perform independently the basic tasks of personal hygiene, hydration and nutrition, or

5) self-protection.

A determination regarding the ability of the minor to perform independently such basic tasks shall be based upon the age of the minor and the reasonable and appropriate expectation of the abilities of a minor of such age to perform such tasks.

**OR**

1) is **drug/alcohol** dependent; and

2) as a result of that dependency can be expected within the near future to inflict or attempt to inflict serious bodily harm to **himself/herself** or another person; and

3) has engaged in one or more recent overt acts or made significant recent threats which substantially support that expectation.

**OR**

is **drug/alcohol** dependent of sufficient severity to cause substantial impairment or disability in at least two of the following major areas of functioning in the minor's life:

1) family relations,

2) school performance,

3) social interactions,

4) ability to perform independently the basic tasks of personal hygiene, hydration and nutrition, or

5) self-protection.

A determination regarding the ability of the minor to perform independently such basic tasks shall be based upon the age of the minor and the reasonable and appropriate expectation of the abilities of a minor of such age to perform such tasks.

The term "minor in need of treatment" shall not mean a minor afflicted with epilepsy, a developmental disability, organic brain syndrome, physical handicaps, brief periods of intoxication caused by such substances as alcohol or drugs or who is truant or sexually active unless the minor also meets the criteria for a minor in need of treatment.

Statutory Authority: 43A O.S. Supp.2004, § 5–502(A)(1), (2).

**Notes on Use**

The trial judge should select any grounds that are supported by the evidence for a finding that the child is a minor in need of treatment.

### Juvenile Instruction No. 4.4
### Definition of "Mental Illness"

"Mental illness" means a substantial disorder of the child's thought, mood, perception, psychological orientation or memory that demonstrably and significantly impairs judgment, behavior or capacity to recognize reality or to meet the ordinary demands of life. "Mental illness" may include substance abuse, which is the use, without compelling medical reason, of any substance which results in psychological or physiological dependency as a function of continued use in such a manner as to induce mental, emotional, or physical impairment and cause socially dysfunctional or socially disordering behavior.

Statutory Authority: 43A O.S. Supp.2004, § 5–502(A)(11).

### Juvenile Instruction No. 4.5
### Definition of "Inpatient Treatment"

"Inpatient treatment" means treatment services offered or provided for a continuous period of more than twenty-four (24) hours in residence after admission to a mental health or substance abuse treatment facility for the purpose of observation, evaluation or treatment.

Statutory Authority: 43A O.S. Supp.2004, § 5–502(A)(5).

### Juvenile Instruction No. 4.6
### Expert Witnesses

You have heard the testimony of witnesses who are represented to be skilled in certain

areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgement to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

### Committee Comments

This instruction is OUJI–CIV 2d No. 3.21.

---

### Juvenile Instruction No. 4.7

### Elements Required For Finding That Minor Is In Need of Treatment

The State seeks a finding that the child is a minor in need of treatment. For a finding that the child is a minor in need of treatment, the State must prove by clear and convincing evidence each of the following elements:

1) The child is in need of the treatment proposed in the individualized treatment plan and is likely to benefit from the treatment; and

2) The child has a demonstrable mental illness: and

3) As a result of that mental illness, the child can be expected within the near future to inflict or attempt to inflict serious bodily harm to **himself/herself** or another person if services are not provided; and

4) The child has engaged in one or more recent overt acts or made significant recent threats which substantially support that expectation.

### OR

1) The child is in need of the treatment proposed in the individualized treatment plan and is likely to benefit from the treatment; and

2) The child has a demonstrable mental illness of sufficient severity to cause substantial impairment or disability in at least two of the following major areas of functioning in the minor's life:

1) family relations,

2) school performance,

3) social interactions,

4) ability to perform independently the basic tasks of personal hygiene, hydration and nutrition, or

5) self-protection.

A determination regarding the ability of the minor to perform independently such basic tasks shall be based upon the age of the minor and the reasonable and appropriate expectation of the abilities of a minor of such age to perform such tasks.

### OR

1) The child is in need of the treatment proposed in the individualized treatment plan and is likely to benefit from the treatment; and 2) The child is **drug/alcohol** dependent; and

3) As a result of that **drug/alcohol** dependence can be expected within the near future to inflict or attempt to inflict serious bodily harm to **himself/herself** or another person if services are not provided; and

4) The child has engaged in one or more recent overt acts or made significant recent threats which substantially support that expectation.

### OR

1) The child is in need of the treatment proposed in the individualized treatment plan and is likely to benefit from the treatment; and

2) The child is **drug/alcohol** dependent of sufficient severity to cause substantial impairment or disability in at least two of the following major areas of functioning in the minor's life:

1) family relations,

2) school performance,

3) social interactions,

4) ability to perform independently the basic tasks of personal hygiene, hydration and nutrition, or

5) self-protection.

A determination regarding the ability of the minor to perform independently such basic tasks shall be based upon the age of the minor and the reasonable and appropriate expectation of the abilities of a minor of such age to perform such tasks.

The term "minor in need of treatment" shall not mean a minor afflicted with epilepsy, a developmental disability, organic brain syndrome, physical handicaps, brief periods of intoxication caused by such substances as alcohol or drugs or who is truant or sexually active unless the minor also meets the criteria for a minor in need of treatment.

Statutory Authority: 43A O.S. Supp.2004, § 5–512(A).

## Committee Comments

The Committee has concluded that the jury should determine only the matters relating to status that are to be decided at the hearing in 43A O.S. Supp.2004, § 5–512(A), and that the matters relating to disposition set out in the remainder of 43A O.S. Supp.2004, § 5–512 are to be determined by the judge, because they are to be determined after the hearing.

There is an inconsistency between the definition of a "minor in need of treatment" in 43A O.S. Supp.2004, § 5–502(A) and what the court is required to determine at the hearing under 43A O.S. Supp.2004, § 5–512(A). The definition in 43A O.S. Supp.2004, § 5–502(A) includes both 1) a minor who can be expected to inflict serious injury and has engaged in recent overt acts and 2) a minor who has substantial impairment in at least two major areas of functioning. In contrast, 43A O.S. Supp.2004, § 5–512(A) refers only to a minor who can be expected to inflict serious injury and has engaged in recent overt acts. The Committee has concluded that this instruction should reflect the definition in 43A O.S. Supp.2004, § 5–502(A).

## Juvenile Instruction No. 4.8
### Burden of Proof—Clear and Convincing Evidence

When I say that the State has the burden of proving that the child is a minor in need of treatment by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that it is highly probable and free from serious doubt that the child is a minor in need of treatment by clear and convincing evidence.

## Juvenile Instruction No. 4.9
### Verdict Form—Minor Is In Need of Treatment

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

IN THE MATTER OF: )
)
) CASE NO. JD-
)
AN ALLEGED MINOR IN )
NEED OF TREATMENT )

### VERDICT

We, the jury, empaneled and sworn in the above entitled cause, do upon our oath, find by clear and convincing evidence that the child, [**NAME**], is A MINOR IN NEED OF TREATMENT.

_____
FOREPERSON

_____

_____

_____

_____

## Juvenile Instruction No. 4.10
### Verdict Form—Minor Is Not In Need of Treatment

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

IN THE MATTER OF: )
)
) CASE NO. JD-
)
AN ALLEGED MINOR IN )
NEED OF TREATMENT )

### VERDICT

We, the jury, empaneled and sworn in the above entitled cause, do upon our oath, find

that the child, **[NAME]**, is NOT A MINOR ⸻
IN NEED OF TREATMENT.

⸻

FOREPERSON                         ⸻

⸻

⸻                                  ⸻

## Chapter Five
## Indian Child Welfare Act

### List Of Contents

| Juvenile Instruction No. | Title | Page |
|---|---|---|
| | Introductory Note | — |
| | Part A—Simultaneous Adjudication and Termination | |
| | Introductory Note | — |
| 5.1 | Purpose of Termination Proceeding | — |
| 5.2 | The Issues in the Case | — |
| 5.3 | Requirements for Adjudication of Deprived Status | — |
| 5.4 | Issues to Decide | — |
| 5.5 | Instructions for Verdict Forms | — |
| 5.6 | Verdict Form—Deprived | — |
| 5.7 | Presumption That Parent Acts in Best Interest of Child | — |
| 5.8 | Burden of Proof for Termination of Parental Rights | — |
| 5.9 | Definition of "Beyond a Reasonable Doubt" | — |
| 5.10 | Instructions for Verdict Forms | — |
| 5.11 | Verdict Form—Termination of Parental Rights | — |
| | Part B—Termination After Prior Adjudication | |
| 5.21 | Purpose of Termination Proceeding | — |
| 5.22 | Presumption That Parent Acts in Best Interest of Child | — |
| 5.23 | Burden of Proof for Termination of Parental Rights | — |
| 5.24 | Definition of "Beyond a Reasonable Doubt" | — |
| 5.25 | Instructions for Verdict Forms | — |
| 5.26 | Verdict Form—Termination of Parental Rights | — |
| | Part C—Grounds for Termination of Parental Rights From Chapter Three | |

5.31    Abandonment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.32    Abandoned Infant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.33    Noncompliance With Placement Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.34    Failure to Correct Conditions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.35    Failure to Correct Conditions—The Treatment Plan . . . . . . . . . . . . . . . . . . . . . —

5.36    Previous Termination of Rights to Another Child . . . . . . . . . . . . . . . . . . . . . . . —

5.37    Failure to Contribute to Support of Child . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.38    Conviction of Certain Crimes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.39    Heinous or Shocking Physical or Sexual Abuse . . . . . . . . . . . . . . . . . . . . . . . . —

5.40    Failure to Protect Child From Heinous or Shocking Abuse . . . . . . . . . . . . . . . —

5.41    Severe Harm or Injury As a Result of Physical or Sexual Abuse . . . . . . . . . . . —

5.42    Failure to Protect Child From Severe Harm or Injury As a Result of Physical or Sexual Abuse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.43    Abuse Subsequent to Previous Adjudication . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.44    Severe Abuse or Neglect . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.45    Chronic Abuse or Neglect . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.46    Child Conceived as a Result of Rape . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.47    Incarceration of Parent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.48    Mental Illness or Mental Deficiency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

5.49    Parental History of Chronic Drug or Alcohol Abuse . . . . . . . . . . . . . . . . . . . . . —

5.50    Child in Foster Care for Fifteen Months . . . . . . . . . . . . . . . . . . . . . . . . . . . . . —

## Chapter Five
## INDIAN CHILD WELFARE ACT

### Introductory Note

This Chapter provides jury instructions for the adjudication of deprived status and termination of parental rights found in Oklahoma state courts in cases in which the Indian Child Welfare Act (hereinafter "ICWA") is applicable. Part A has general instructions for cases where adjudication of deprived status and termination of parental rights are sought simultaneously, and Part B has general instructions for cases where there has been a prior adjudication of deprived status. Part C has instructions for the grounds for termination as modified for ICWA cases. Only the instructions that dif-

fer in ICWA cases from non-ICWA cases are given in this Chapter Five; the trial judge should also use the other applicable instructions from Chapters One, Two and Three that are not modified for ICWA cases. In addition, the Notes on Use and Committee Comments for the instructions in this Chapter are directed only to the use of the instructions in ICWA cases; for Notes on Use and Committee Comments that are applicable to non-ICWA cases as well, see the Notes on Use and Committee Comments to the corresponding instructions in Chapters One, Two and Three.

The ICWA provides:

**d) Remedial services and rehabilitative programs; preventive measures**

Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful.

**(e) Foster care placement orders; evidence; determination of damage to child**

No foster care placement may be ordered ... in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

**(f) Parental rights termination orders; evidence; determination of damage to child**

No termination of parental rights may be ordered ... in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(d), (e), (f).

**Reasonable Doubt Standard for Termination of Parental Rights**

Section 1912(f), *supra,* specifies a beyond a reasonable doubt standard of proof for termination of parental rights proceedings. A number of other jurisdictions use a dual standard of proof in ICWA cases in which a clear and convincing standard is applied to the state law requirements for termination of parental rights and the reasonable doubt standard is applied only to the requirement in 25 U.S.C. § 1912(f) that continued custody by the parent is likely to result in serious emotional or physical damage to the child. *E.g., In re H.A.M.,* 961 P.2d 716, 719 (Kan. App.1998). The prevailing practice in Oklahoma trial courts has been to use the reasonable doubt standard for both the state law requirements for termination of parental rights and the requirements in 25 U.S.C. § 1912(f), however. In addition, in *In the Matter of T.L.,* 2003 OK CIV APP 49, ¶ 15, 71 P.3d 43, the Oklahoma Court of Civil Appeals applied the reasonable doubt standard to both the requirements in 25 U.S.C. § 1912(f) and the Oklahoma state law requirements that the parent failed to correct conditions leading to adjudication and that the child had been in foster care for 15 of the 22 months preceding the filing of the termination proceedings. Using the reasonable doubt standard for both the state law requirements and the requirements in 25 U.S.C. § 1912(f) avoids the difficulty of explaining different standards of proof to the jury, and is therefore less confusing to the jury. Applying the higher reasonable doubt standard also gives greatest effect to the ICWA, and it is therefore less likely to result in reversal of a termination of parental rights decision than applying the lower clear and convincing evidence standard. Accordingly, the reasonable doubt standard is used in these instructions for both the state law requirements and the requirements in 25 U.S.C. § 1912(f).

**Clear and Convincing Evidence Standard for Adjudication of Deprived Status**

Section 1912(e), *supra,* specifies a clear and convincing evidence standard of proof for foster care placements. A New York state court has interpreted this requirement narrowly to apply only to disposition orders, and not to adjudications of deprived status. *See New York City Dep't of Social Servs. v. Oscar C.,* 600 N.Y.S.2d 957, 960–61 (N.Y.App. Div.1993). The prevailing practice in Oklahoma trial courts has been to use the clear and convincing standard for adjudications of deprived status, however. Applying the clear and convincing evidence standard for adjudications of deprived status gives greatest effect to the ICWA, and it is therefore less likely to result in reversal of an adjudication of deprived status than applying the greater weight of the evidence standard. Accordingly, the clear and convincing evidence standard is used in these instructions for adjudications of deprived status.

## Expert Witnesses

Testimony of qualified expert witnesses is required under the ICWA for both foster care placements and termination of parental rights. 25 U.S.C. § 1912(e), (f). Accordingly, the instructions for adjudication of deprived status and the grounds for termination in this Chapter include as an element that there is testimony from at least one expert witness. The instructions do not require the jury to determine whether the expert witness is qualified, however, since trial judges generally rule on the qualifications of expert witnesses, rather than juries. The trial judge's ruling on the qualification of expert witnesses should be guided by the Oklahoma Supreme Court's decision in *Matter of N.L.*, 1988 OK 39, ¶¶ 15–18, 754 P.2d 863, 867. The Supreme Court held that a trial court is required to consider the testimony of qualified expert witnesses in ICWA cases in order to provide the court with knowledge of the social and cultural aspects of Indian life and diminish the risk of any cultural bias. *Id.* ¶ 17. In cases in which cultural bias is not implicated, however, such as cases involving physical abuse or sexual abuse of a child, the expert witness does not need to posses special knowledge of Indian life. *Id.* ¶ 18. The Supreme Court also pointed out while the BIA guidelines for state courts are not binding, they are instructive in terms of who may possess the qualifications of an expert witness for ICWA cases. The Supreme Court quoted the following from the BIA guidelines in 44 Federal Register 67584, 67593 (1979):

D.4   Qualified Expert Witnesses

(a) Removal of an Indian child from his or her family must be based on competent testimony from one or more experts qualified to speak specifically to the issue of whether continued custody by the parents or Indian custodians is likely to result in serious physical or emotional damage to the child. (b) Persons with the following characteristics are most likely to meet the requirements for a qualified expert witness for purposes of Indian child custody proceedings. (i) A member of the Indian child's tribe who is recognized by the tribal community as knowledgeable in tribal customs as they pertain to family organization and childrearing practices. (ii) A lay expert witness having substantial experience in the delivery of child and family services to Indians, and extensive knowledge of prevailing social and cultural standards and childrearing practices within the Indian child's tribe. (iii) A professional person having substantial education and experience in the area of his or her specialty. (c) The court or any party may request the assistance of the Indian child's tribe or the Bureau of Indian Affairs agency serving the Indian child's tribe in locating persons qualified to serve as expert witnesses.

## The Serious Emotional or Physical Damage Requirement

Section 1912(f), *supra*, requires for the termination of parental rights proof beyond a reasonable doubt "that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." This requirement is included as an element in all the grounds for termination of parental rights in Part C, *infra*.

## The "Active Efforts" Requirement

Section 1912(d), *supra*, requires in any proceeding to effect foster care placement or termination of parental rights to an Indian child, a showing that "active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proven unsuccessful." The Committee has concluded that whether this requirement has been satisfied is an issue for the judge, rather than the jury. The trial judge will have familiarity with the various remedial services and rehabilitative programs that are available, and therefore, the trial judge is in a position to determine whether active efforts to provide them have been made before allowing a case to be presented to the jury. Accordingly, this Chapter does not include a jury instruction on this issue. The judge's determination with respect to active efforts should be made by the trial court prior to or simultaneously with a proceeding for adjudication of deprived sta-

tus or termination of parental rights. There is no precise definition for what constitutes "active efforts," and it should be determined by the court on a case by case basis.

---

## Part A—Simultaneous Adjudication and Termination

### Introductory Note

Under 25 U.S.C. § 1912(d), a showing is required in any proceeding to effect foster care placement or termination of parental rights to an Indian child that "active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proven unsuccessful." This provision may require a prior adjudication of deprived status before termination of parental rights may be sought, even in cases involving heinous or shocking abuse. There is no guidance from the Oklahoma Supreme Court whether an adjudication of deprived status may be pursued simultaneously with a termination of parental rights under the Indian Child Welfare Act. Some courts have held that recent unsuccessful efforts with respect to the same parent but a different child may satisfy the requirement for "active efforts" with respect to a subsequently born child. See *Letitia V. v. Superior Court of Orange County,* 81 Cal.App.4th 1009, 1016, 97 Cal.Rptr.2d 303, 308 (Cal.Ct.App.2000).

### Juvenile Instruction No. 5.1

#### Purpose of Termination Proceeding

The purpose of a termination proceeding is to decide whether to break the parental bond. The case is concerned with four separate interests:

1. The parent's right to custody and control of a child.

2. The State's responsibility to protect a child under eighteen (18) years.

3. The child's right to a wholesome place to live, free from abuse and neglect.

4. The right of the Indian child's tribe to stability and security.

The interest of the parent, the State, the Indian child's tribe, and the child must be carefully weighed. The State's responsibility to protect the child must be balanced against the interest of a parent in the custody and control of a child. It is also the policy of the government to prevent the breakup of the Indian family in order to promote the stability and security of Indian tribes.

The right of a parent to the custody and control of a child is a fundamental right protected by the Federal and State Constitutions. While the rights of a parent are important and entitled to protection, they must be balanced against those of a child, and where they conflict, the child's rights should be protected.

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 1.1.

### Committee Comments

This Instruction incorporates the Congressional declaration of policy for ICWA cases in 25 U.S.C. § 1902.

---

### Juvenile Instruction No. 5.2

#### The Issues in the Case

There are two separate issues for you to decide in this case in order to terminate parental rights. Consider each issue separately. To terminate parental rights, you must find that the State has met its burden of proof on each of the following issues.

1) Is the child deprived according to the definitions given to you in these instructions? The State has a burden of proof on this issue called "clear and convincing evidence," which is defined elsewhere in these instructions.

2) Are there grounds to terminate parental rights with respect to the child? The State has a burden of proof on this issue called "proof beyond a reasonable doubt."

You may reach the issue of whether to terminate parental rights only if you find that a child is deprived. If you find that the child is not deprived, then you may not consider whether to terminate parental rights.

Statutory Authority: 25 U.S.C. § 1912(e), (f).

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.3.

---

## Juvenile Instruction No. 5.3

### Requirements for Adjudication of Deprived Status

In order for you to find that a child is deprived, you must be satisfied by clear and convincing evidence that:

1. The child deprived according to the definitions given to you in these instructions;

2. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and

3. It is in the best interests of the child and the public for the child to be made a ward of the court.

The public's interest lies in protecting the child from harm.

---

Statutory Authority: 25 U.S.C. § 1912(e), 10 O.S.2001, § 7003–4.5(A).

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.8.

---

## Juvenile Instruction No. 5.4

### Issues to Decide

If after a full, fair, and impartial consideration of all of the evidence, facts and circumstances in this case, you find that the State has proven by clear and convincing evidence that a child is deprived, then you should return a verdict that the child is deprived. On the other hand, if after a full, fair, and impartial consideration of all of the evidence, facts and circumstances in this case, you find that the State has failed to prove by clear and convincing evidence that a child is deprived, then you should return a verdict that the child is not deprived.

If you do not find that a child is deprived, then you shall not consider termination of parental rights and all of you in a body should return the verdict to the Court. If you find a child is deprived, you must continue with your deliberations and consider whether parental rights should be terminated with respect to that child.

[**For purposes of this case, you are required to accept the following matters as true: List any issues that are not for the jury to decide either because they have been stipulated to by the parties or are not jury issues**].

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.14.

---

### Juvenile Instruction No. 5.5

### Instructions for Verdict Forms

[**Use for cases where only one condition may lead to an adjudication of deprived status.**] If you find that the State has proved by clear and convincing evidence that the child, [**NAME**], is deprived and that the condition that led to your finding is that [**Set forth condition that may lead to the finding**—*E.g*, the child does not have proper parental care or guardianship], you should sign and return the verdict form entitled Child is Deprived for that child. Otherwise, you should sign and return the verdict form entitled Child is Not Deprived for that child.

### OR

[**Use for cases where multiple conditions may lead to an adjudication of deprived status.**] If you find that the State has proved by clear and convincing evidence that the child, [**NAME**], is deprived and that one or more conditions led to your finding, you should sign and return the verdict form entitled Child is Deprived for every such condi-

tion that led to your finding for that child. If you find that the State has not proved by clear and convincing evidence evidence that the child, [**NAME**], is deprived, you should sign and return the verdict form entitled Child is Not Deprived for that child.

Notify the Bailiff if you arrive at a verdict that the Child is Not Deprived so that you may return it in open court. If your verdict is that the Child is Deprived, you must continue with your deliberations and consider whether parental rights should be terminated with respect to that child.

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.15.

---

### Juvenile Instruction No. 5.6
#### Verdict Form—Deprived

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

IN THE MATTER OF: )
)
) CASE NO. JD-
)
AN ALLEGED DEPRIVED )
CHILD

### VERDICT

### CHILD IS DEPRIVED

We, the jury, empaneled and sworn in the above entitled cause, do upon our oath, find by clear and convincing evidence as follows:

It is in the best interest of the child, [**NAME**], and the public for the child to be made a ward of the court; and

Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and

The child, [**NAME**], is **DEPRIVED**; and

The following condition has led to our finding that the child is deprived: [**Set forth condition that may lead to the finding**— *E.g,* the child does not have proper parental care or guardianship]

_____
FOREPERSON

_____

_____

_____

_____

_____

### Notes on Use

This Verdict Form should be used for ICWA cases instead of the Verdict Form in Juvenile Instruction No. 2.16. The jury must be given both this Verdict Form and the Verdict Form in § 2.17, and it must return one Verdict Form or the other. It is recommended that separate verdict forms should be used for each child. If there are two or more conditions that may lead to adjudication, separate verdict forms should be used for each condition.

---

### Juvenile Instruction No. 5.7
#### Presumption That Parent Acts in Best Interest of Child

It is presumed that a child's best interests are ordinarily served by leaving the child in the custody of the parents, who are expected to have the strongest bond of love and affection and to be best able to provide a child those needed qualities. This presumption may be rebutted if there is proof beyond a reasonable doubt that the child would be neglected or abused if the child remained in the custody of the parents.

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.19.

---

### Juvenile Instruction No. 5.8
#### Burden of Proof for Termination of Parental Rights

The State has the burden of proving all the requirements for the termination of the parent's rights by proof beyond a reasonable

doubt and you may return a verdict finding that parental rights are terminated only if you find that the State has satisfied its burden of proof.

[For purposes of this case, you are required to accept the following matters as true: List any issues that are not for the jury to decide either because they have been stipulated to by the parties or are not jury issues].

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.20.

### Juvenile Instruction No. 5.9
### Definition of "Beyond a Reasonable Doubt"
### NO INSTRUCTION SHOULD BE GIVEN

### Committee Comments

The Oklahoma Court of Criminal Appeals has criticized the giving of a definition of reasonable doubt. *Young v. State*, 1962 OK CR 70, ¶ 22, 373 P.2d 273, 278 ("We agree with our predecessors that the trial court should not undertake to define the terms "reasonable doubt, . . . ."); *Moore v. State*, 1950 OK CR, 214 P.2d 966, 968, 90 Okla. Crim.App. 415, 418 ("[S]uch an instruction has been condemned in this jurisdiction from territorial days to the present time."). In *Wansing v. Hargett*, 341 F.3d 1207 (10th Cir.2003), the United States Court of Appeals for the Tenth Circuit reversed the denial of a habeas corpus petition because the Oklahoma state trial court's definition of reasonable doubt deprived the defendant of a fair trial. The Tenth Circuit explained:

> Under Oklahoma law, it is error for a trial court to attempt to define reasonable doubt. *Smallwood*, 907 P.2d at 231; *Summers v. State*, 704 P.2d 91, 92 (Okla.Crim. App.1985). This is because Oklahoma has determined that such definitions are more likely to confuse than to clarify the standard. *See Romano v. State, 909 P.2d 92*, 124–25 (Okla.Crim.App.1995); *Smallwood*, 907 P.2d at 231. In *Williams v. State*, 572 P.2d 257, 259 (Okla.Crim.App.1977), the court explained that " 'reasonable doubt' is self-explanatory, and . . . therefore definitions thereof do not clarify the meaning of the phrase, but rather tend to confuse the jury." The underlying purpose of the rule-ensuring that the jury is not misled-thus bears some resemblance to the federal constitutional inquiry.

341 F.3d 1211–12.

### Juvenile Instruction No. 5.10
### Instructions for Verdict Forms

[Use for cases where only one ground for termination is alleged.] If you find that the State has proved beyond a reasonable doubt that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on the statutory ground that [Set forth ground for termination—*E.g.,* the child has been born to a parent whose parental rights to another child have already been terminated before], you should sign and return the verdict form entitled Terminate Parental Rights for that parent and that child. Otherwise, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

### OR

[Use for cases where multiple grounds for termination are alleged.] If you find that the State has proved beyond a reasonable doubt that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on one or more statutory grounds, you should sign and return the verdict form entitled Terminate Parental Rights for every such statutory ground for that parent and that child. It is not necessary that the same five people sign each verdict form. If you find that the State has not proved beyond a reasonable doubt that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on any statutory ground, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.21.

---

### Juvenile Instruction No. 5.11

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

IN THE MATTER OF: )
)
) CASE NO. JD-
)
AN ALLEGED DEPRIVED )
    CHILD

### VERDICT

### TERMINATE PARENTAL RIGHTS

We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find by proof beyond a reasonable doubt that the parental rights of the parent, **[NAME]** to the child, **[NAME]**, should be terminated on the statutory ground that **[Set forth ground for termination**—*E.g.*, the child has been born to a parent whose parental rights to another child have already been terminated before].

---

FOREPERSON

_____

_____

_____

_____

_____

### Notes on Use

This Verdict Form should be used for ICWA cases instead of the Verdict Form in Juvenile Instruction No. 2.22. The jury must be given both this Verdict Form and the Verdict Form in § 2.23, and it must return one Verdict Form or the other. It is recommended that separate verdict forms should be used for each parent, each child and each alleged ground for termination.

---

### Part B—Termination After Prior Adjudication

### Juvenile Instruction No. 5.21
### Purpose of Termination Proceeding

The purpose of a termination proceeding is to decide whether to break the parental bond. The case is concerned with four separate interests:

1. The parent's right to custody and control of a child.

2. The State's responsibility to protect a child under eighteen (18) years.

3. The child's right to a wholesome place to live, free from abuse and neglect.

4. The right of the Indian child's tribe to stability and security.

The interest of the parent, the State, the Indian child's tribe, and the child must be carefully weighed. The State's responsibility to protect the child must be balanced against the interest of a parent in the custody and control of a child. It is also the policy of the government to prevent the breakup of the Indian family in order to promote the stability and security of Indian tribes.

The right of a parent to the custody and control of a child is a fundamental right protected by the Federal and State Constitutions. While the rights of a parent are important and entitled to protection, they must be balanced against those of a child, and where they conflict, the child's rights should be protected.

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 1.1.

### Committee Comments

This Instruction incorporates the Congressional declaration of policy for ICWA cases in 25 U.S.C. § 1902.

---

### Juvenile Instruction No. 5.22
### Presumption That Parent Acts in Best Interest of Child

It is presumed that a child's best interests are ordinarily served by leaving the child in

the custody of the parents, who are expected to have the strongest bond of love and affection and to be best able to provide a child those needed qualities. This presumption may be rebutted if there is proof beyond a reasonable doubt that the child would be neglected or abused if the child remained in the custody of the parents.

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.35.

---

### Juvenile Instruction No. 5.23

#### Burden of Proof for Termination of Parental Rights

The State has the burden of proving all the requirements for the termination of the parent's rights beyond a reasonable doubt and you may return a verdict finding that parental rights are terminated only if you find that the State has satisfied its burden of proof.

[**For purposes of this case, you are required to accept the following matters as true: List any issues that are not for the jury to decide either because they have been stipulated to by the parties or are not jury issues**].

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.36.

---

### Juvenile Instruction No. 5.24

#### Definition of "Beyond a Reasonable Doubt"

NO INSTRUCTION SHOULD BE GIVEN

#### Committee Comments

The Oklahoma Court of Criminal Appeals has criticized the giving of a definition of reasonable doubt. *Young v. State,* 1962 OK CR 70, ¶ 22, 373 P.2d 273, 278 ("We agree with our predecessors that the trial court should not undertake to define the terms "reasonable doubt, ...."); *Moore v. State,*

1950 OK CR, 214 P.2d 966, 968, 90 Okla. Crim.App. 415, 418 ("[S]uch an instruction has been condemned in this jurisdiction from territorial days to the present time."). In *Wansing v. Hargett,* 341 F.3d 1207 (10th Cir.2003), the United States Court of Appeals for the Tenth Circuit reversed the denial of a habeas corpus petition because the Oklahoma state trial court's definition of reasonable doubt deprived the defendant of a fair trial. The Tenth Circuit explained:

> Under Oklahoma law, it is error for a trial court to attempt to define reasonable doubt. *Smallwood,* 907 P.2d at 231; *Summers v. State,* 704 P.2d 91, 92 (Okla.Crim. App.1985). This is because Oklahoma has determined that such definitions are more likely to confuse than to clarify the standard. *See Romano v. State,* 909 P.2d 92, 124–25 (Okla.Crim.App.1995); *Smallwood,* 907 P.2d at 231. In *Williams v. State,* 572 P.2d 257, 259 (Okla.Crim.App.1977), the court explained that " 'reasonable doubt' is self-explanatory, and ... therefore definitions thereof do not clarify the meaning of the phrase, but rather tend to confuse the jury." The underlying purpose of the rule-ensuring that the jury is not misled-thus bears some resemblance to the federal constitutional inquiry.

341 F.3d 1211–12.

---

### Juvenile Instruction No. 5.25

#### Instructions for Verdict Forms

[**Use for cases where only one ground for termination is alleged.**] If you find that the State has proved beyond a reasonable doubt that the parental rights of the parent, [**NAME**] to the child, [**NAME**], should be terminated on the statutory ground that [**Set forth ground for termination—***E.g.,* the child has been born to a parent whose parental rights to another child have already been terminated before], you should sign and return the verdict form entitled Terminate Parental Rights for that parent and that child. Otherwise, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

. OR

[Use for cases where multiple grounds for termination are alleged.] If you find that the State has proved beyond a reasonable doubt that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on one or more statutory grounds, you should sign and return the verdict form entitled Terminate Parental Rights for every such statutory ground for that parent and that child. It is not necessary that the same five people sign each verdict form. If you find that the State has not proved beyond a reasonable doubt that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on any statutory ground, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

## Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.37.

_____

### Juvenile Instruction No. 5.26

IN THE DISTRICT COURT OF _____ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]

IN THE MATTER OF: )
       )
       ) CASE NO. JD-
       )
A DEPRIVED CHILD )

### VERDICT

### TERMINATE PARENTAL RIGHTS

We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find by proof beyond a reasonable doubt that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on the statutory ground that the parent failed to correct the following **condition/conditions** that led to the adjudication that the child was deprived: [**Set forth condition/conditions that led to the deprived adjudication**].

_____
FOREPERSON

_____

_____

_____

_____

_____

## Notes on Use

This Verdict Form should be used for ICWA cases instead of the Verdict Form in Juvenile Instruction No. 2.38. The jury must be given both this Verdict Form and the Verdict Form in § 2.39, and it must return one Verdict Form or the other. It is recommended that separate verdict forms should be used for each parent, each child and each condition that led to the adjudication of the child's deprived status.

_____

### Part C—Grounds for Termination of Parental Rights From Chapter Three

### Juvenile Instruction No. 5.31

#### Abandonment

The State seeks to terminate the parent's rights on the basis of abandonment. In order to terminate the parental rights on the basis of abandonment, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated to be deprived;

2. Termination of parental rights is in the best interests of the child

3. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and

4. [The parent has left the child alone or in the care of another who is not the parent of the child without identifying the child or furnishing a means of identification for the child; the whereabouts of the parents are unknown; and the child's identity cannot be ascertained by the exercise of reasonable diligence.]

**OR**

4. [The parent has voluntarily left the child alone or in the care of another who is not the parent of the child; and the parent expressed a willful intent by words, actions, or omissions not to return for the child.]

**OR**

4. [The parent has failed to establish and/or maintain a substantial and positive relationship with the child, despite an opportunity to do so, for a period of six (6) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for termination of parental rights. The term "establish and/or maintain a substantial and positive relationship" includes, but is not limited to:

(1) frequent and regular contact with the child through frequent and regular visitation and/or frequent and regular communication to or with the child, and

(2) the exercise of parental rights and responsibilities.

Incidental or token visits or communications shall not be sufficient to establish and/or maintain a substantial and positive relationship with the child.]

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(2)(c)(1–2).

### Committee Comments

The definition of parent in the Indian Child Welfare Act does not include a putative father. 25 U.S.C. § 1903(9) defines parent as: "any biological parent or parents of an Indian child or any Indian person who has lawfully adopted an Indian child, including adoptions under tribal law or custom. It does not include an unwed father where paternity has not been acknowledged or established."

---

### Juvenile Instruction No. 5.32
### Abandoned Infant

The State seeks to terminate the parent's rights on the basis that the child is an aban-doned infant. In order to terminate the parental rights on the basis that the child is an abandoned infant, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated to be deprived;

2. Termination of parental rights is in the best interests of the child;

3. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and

4. [The child was twenty-four (24) months of age or younger; and the parent:

[willfully left the child alone or in the care of another who is not the parent of the child without identifying the child or furnishing any means or methods of identification.]

**OR**

[willfully left the child alone or in the care of another who is not the parent of the child and expressed a willful intent by words, actions, or omissions not to return for the child.]

**OR**

[knowingly placed or knowingly allowed the child to be placed in or remain in conditions or surroundings that posed or constituted a serious danger to the health and safety of the child thereby demonstrating wanton disregard for the child's well-being. Serious danger to the health and safety means that without the intervention of another person or agency, a child would likely or in all probability sustain severe or permanent disability or injury, illness, or death.]

**OR**

[has not established and/or maintained substantial and positive relationship with the child, despite being given the opportunity to do so, during the six (6) months immediately prior to out-of-home placement or the six (6) continuous months while in out-of-home placement, and has

not made meaningful efforts to gain or regain custody of the child, despite being given the opportunity to do so. "Establish and/or maintain substantial and positive relationship" includes but is not limited to: (1) frequent and regular contact with the child through frequent and regular visitation or frequent and regular communication to or with the child, and (2) the exercise of parental rights and responsibilities.

Incidental or token visits, communications or contributions shall not be sufficient to establish and/or maintain a substantial and positive relationship with the child.]

### OR

4. [The child was less than ninety (90) days of age and the parent is a father, or a putative father if the infant was born out of wedlock, who despite having the opportunity to do has not exercised proper parental rights and responsibilities with regard to the child, including, but not limited to, contributing to the support of the mother of the child to the extent of the father's financial ability during the mother's term of pregnancy.].

Statutory Authority: 10 O.S. Supp.2004, §§ 7001–1.3(A)(1), (49); 10 O.S.2001, § 7006–1.1(A)(2).

### Committee Comments

The definition of parent in the Indian Child Welfare Act does not include a putative father. 25 U.S.C. § 1903(9) defines parent as: "any biological parent or parents of an Indian child or any Indian person who has lawfully adopted an Indian child, including adoptions under tribal law or custom. It does not include an unwed father where paternity has not been acknowledged or established."

### Juvenile Instruction No. 5.33
### Noncompliance With Placement Agreement

The State seeks to terminate the parent's rights on the basis that the parent has not complied with a placement agreement. In order to terminate parental rights on the basis that the parent has not complied with a placement agreement, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated to be deprived;

2. Continuation of parental rights is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness;

3. The parent voluntarily placed physical custody of the child with the Department of Human Services or with a child-placing agency for out-of-home placements;

4. The parent has not complied with the placement agreement;

5. The parent has not demonstrated during the placement period a firm intention to resume physical custody of the child or to make permanent legal arrangements for the care of the child; and

6. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(4).

### Juvenile Instruction No. 5.34
### Failure to Correct Conditions

The State seeks to terminate the parent's rights on the basis of failure to correct the **condition/conditions** that led to the finding that a child is deprived. In order to terminate parental rights on this basis, the State must prove beyond a reasonable doubt each of the following elements:

1. The child has been adjudicated to be deprived;

2. The acts or omissions of the parent caused or contributed to the **condition/conditions** that caused the child to be deprived;

3. The parent has failed to correct the **condition/conditions** that caused the child to be deprived;

4. The parent has had at least three months to correct the **condition/conditions;**

5. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

6. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(5).

### Notes on Use

The trial judge should give Juvenile Instruction No. 5.35 along with this instruction.

### Juvenile Instruction No. 5.35

### Failure to Correct Conditions— The Treatment Plan

In order for you to find that there has been a failure to correct the conditions which caused a child to be found deprived, you must find that the Court placed the parent on notice of the **condition/conditions** to be corrected by means of a service plan or treatment plan.

A "service plan" or "treatment plan" provides a list of activities or standards of conduct that are designed to assist the parent to correct the **condition/conditions** that caused a child to be deprived.

In order to terminate parental rights, you must find beyond a reasonable doubt that the **condition/conditions** which caused the child to be deprived **has/have** not been corrected. Failure to complete a treatment plan alone is not a basis to terminate parental rights, but it is evidence that the jury may consider in determining whether the **condition/conditions has/have** been corrected.

Statutory Authority: 10 O.S.2001, § 7003–5.3.

### Juvenile Instruction No. 5.36

### Previous Termination of Rights to Another Child

The State seeks to terminate the parent's rights on the basis that a child has been born to a parent whose parental rights to another child have already been terminated before. In order to terminate parental rights on this basis, the State must prove beyond a reasonable doubt each of the following elements:

1. The child has been adjudicated to be deprived;

2. The parent's parental rights to another child have been terminated before;

3. The condition which led to the finding that resulted in the termination of parental rights to the other child has not been corrected;

4. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

5. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(6).

### Juvenile Instruction No. 5.37

### Failure to Contribute to Support of Child

The State seeks to terminate the parent's rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child. In order to terminate parental rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child, the State must prove beyond a reasonable doubt each of the following elements:

1. The child has been adjudicated to be deprived;

2. The parent did not have custody of the child;

3. The parent has willfully failed, refused or neglected to contribute to the support of the child for twelve (12) consecutive

months out of the last fourteen (14) months immediately preceding the filing of a petition for termination of parental rights in substantial compliance with a court order of support; or, if no provision for support is provided in an order, according to the parent's financial ability to contribute to the child's support;

4. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

5. Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(7).

---

### Juvenile Instruction No. 5.38
### Conviction for Certain Crimes

The State seeks to terminate the parent's rights on the basis of a conviction for [**Specify One or More of the Following Crimes in 10 O.S.2001, § 7006–1.1(8) or (9)**]:

[permitting a child to participate in pornography]

[rape]

[lewd molestation of a child under sixteen years of age]

[child abuse or neglect]

[enabling child abuse or neglect]

[causing the death of a child as a result of the physical or sexual abuse or chronic abuse or chronic neglect of the child]

[causing the death of a sibling of the child as a result of the physical or sexual abuse or chronic abuse or chronic neglect of the child's sibling]

[committing murder of any child or aiding or abetting, attempting, conspiring or soliciting to commit murder of any child]

[committing voluntary manslaughter of another child of the parent, or aiding or abetting, attempting, conspiring or soliciting to commit voluntary manslaughter of another child of the parent]

[committing a felony assault that has resulted in serious bodily injury to the child or another child of the parent]

In order to terminate parental rights on the basis of a conviction for [**Specify Crime in 10 O.S.2001, § 7006–1.1(8) or (9)**], the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated to be deprived;

2. The parent has been convicted in a criminal action for [**Specify Crime in 10 O.S.2001, § 7006–1.1(8) or (9)**];

3. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

4. Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(8), (9).

---

### Juvenile Instruction No. 5.39
### Heinous or Shocking Physical or Sexual Abuse

The State seeks to terminate the parent's rights on the basis of the parent's heinous or shocking physical or sexual abuse of (**the child**)/(**a sibling of the child**). In order to terminate parental rights on the basis of the parent's heinous or shocking physical or sexual abuse of (**the child**)/(**a sibling of the child**), the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated deprived;

2. The parent has physically or sexually abused (**the child**)/(**a sibling of the child**);

3. The abuse was heinous or shocking;

4. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

5. Termination of parental rights is in the best interests of the child.

"Abuse" means harm or threatened harm to a child's health, safety or welfare.

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.

"Heinous or shocking" means extremely wicked or shockingly evil, or designed to inflict a high degree of pain; or, utter indifference to or enjoyment of the suffering of others.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(10)(a); 10 O.S. Supp.2004, § 7102(B)(1), (6).

## Juvenile Instruction No. 5.40
### Failure to Protect Child From Heinous or Shocking Abuse

The State seeks to terminate the parent's rights on the basis of the parent's failure to protect **(the child)/(a sibling of the child)** from heinous or shocking abuse. In order to terminate parental rights on the basis of the parent's failure to protect **(the child)/(a sibling of the child)** from heinous or shocking abuse, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated deprived;

2. The parent knew or reasonably should have known of physical or sexual abuse to **(the child)/(a sibling of the child)**;

3. The physical or sexual abuse was heinous or shocking;

4. The parent failed to protect **(the child)/(a sibling of the child)** from the heinous or shocking physical or sexual abuse;

5. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

6. Termination of parental rights is in the best interests of the child.

"Abuse" means harm or threatened harm to a child's health, safety or welfare.

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.

"Heinous or shocking" means extremely wicked or shockingly evil, or designed to inflict a high degree of pain; or, utter indifference to or enjoyment of the suffering of others.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(10)(a); 10 O.S. Supp.2004, § 7102(B)(1), (6).

## Juvenile Instruction No. 5.41
### Severe Harm or Injury As a Result of Physical or Sexual Abuse

The State seeks to terminate the parent's rights on the basis of the parent's causing **(the child)/(a sibling of the child)** to suffer severe harm or injury as a result of the parent's physical or sexual abuse. In order to terminate parental rights on the basis of the parent's causing **(the child)/(a sibling of the child)** to suffer severe harm or injury as a result of the parent's physical or sexual abuse, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated deprived;

2. The parent physically or sexually abused **(the child)/(a sibling of the child)**;

3. **(The child)/(sibling of the child)** suffered severe harm or injury as a result of the physical or sexual abuse;

4. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

5. Termination of parental rights is in the best interests of the child.

"Abuse" means harm or threatened harm to a child's health, safety or welfare.

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(10)(b); 10 O.S. Supp.2004, § 7102(B)(1), (6).

---

### Juvenile Instruction No. 5.42

### Failure to Protect Child From Severe Harm or Injury As a Result of Physical or Sexual Abuse

The State seeks to terminate the parent's rights on the basis of the parent's failure to protect (the child)/(a sibling of the child) from severe harm or injury as a result of physical or sexual abuse. In order to terminate parental rights on the basis of the parent's failure to protect (the child)/(a sibling of the child) from severe harm or injury as a result of physical or sexual abuse, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated deprived;

2. The parent knew or reasonably should have known of severe harm or injury to (the child)/(a sibling of the child) as a result of physical or sexual abuse;

3. The parent failed to protect (the child)/(a sibling of the child) from the severe harm or injury;

4. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

5. Termination of parental rights is in the best interests of the child.

"Abuse" means harm or threatened harm to a child's health, safety or welfare.

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(10)(b); 10 O.S. Supp.2004, § 7102(B)(1), (6).

---

### Juvenile Instruction No. 5.43

### Abuse Subsequent to Previous Adjudication

The State seeks to terminate the parent's rights on the basis of abuse subsequent to a previous adjudication of (the child)/(a sibling of the child) as a deprived child. In order to terminate parental rights on the basis of abuse or neglect subsequent to a previous adjudication, the State must prove beyond a reasonable doubt each of the following elements:

1. The child has been adjudicated to be deprived;

2. There has been a previous finding by a court that the parent has physically or sexually abused (the child)/(a sibling of the child) or failed to protect (the child)/(a sibling of the child) from physical or sexual abuse;

3. After the previous finding of physical or sexual abuse, the parent has physically or sexually abused (the child)/(a sibling of the child) or failed to protect (the child)/(a sibling of the child) from physical or sexual abuse;

4. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

5. Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(10)(c).

---

### Juvenile Instruction No. 5.44

### Severe Abuse or Neglect

The State seeks to terminate the parent's rights on the basis of severe abuse or neglect to (the child)/(a sibling of the child)/(another child within the household where the child resides). In order to terminate parental rights on the basis of severe abuse or neglect to (the child)/(a sibling of the child)/(another child within the household where the child resides), the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated to be deprived;

2. As a result of even a single incident

a) of severe sexual abuse, severe neglect or the infliction of serious bodily injury or torture

b) by the parent to **(the child)/(a sibling of the child)/(another child within the household where the child resides);**

5. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

6. Termination of parental rights is in the best interests of the child.

Serious bodily injury means a bodily injury that involves:

1) substantial risk of death,

2) extreme physical pain,

3) protracted and obvious disfigurement, or

4) protracted loss or impairment of the function of a bodily member, organ or mental faculty.

"Torture" means inflicting:

1) intense emotional or psychological anguish to or suffering by the child, or

2) physical pain for the purpose of coercing or terrorizing the child.

---

Statutory Authority: 10 O.S.2001, §§ 7006–1.1(A)(10)(d); 7001–1.3(A)(48) (definition of serious bodily injury); 7001–1.3(A)(54) (definition of torture).

---

## Juvenile Instruction No. 5.45
### Chronic Abuse or Neglect

The State seeks to terminate the parent's rights on the basis of chronic abuse or neglect to **(the child)/(a sibling of the child)/(another child within the household where the child resides)**. In order to terminate parental rights on the basis of chronic abuse or neglect to **(the child)/(a sibling of the child)/(another child within the household where the child resides)**, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated to be deprived;

2. The parent has inflicted chronic abuse, chronic neglect, or torture on **(the child)/(a sibling of the child)/(another child within the household where the child resides);**

3. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

4. Termination of parental rights is in the best interests of the child.

"Chronic abuse or chronic neglect" is a pattern of physical or sexual abuse or neglect that is repeated or continuing.

---

Statutory Authority: 10 O.S.2001, §§ 7006–1.1(A)(10)(e), 7001–1.3(A)(8) (definition of chronic abuse or chronic neglect).

---

## Juvenile Instruction No. 5.46
### Child Conceived As a Result of Rape

The State seeks to terminate the parent's rights on the basis that the child was conceived as a result of rape. In order to terminate parental rights on the basis that the child was conceived as a result of rape, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated to be deprived;

2. The child was conceived as a result of a rape committed by the parent;

3. The child has been placed out of the home;

4. Continuation of parental rights is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

5. Termination of parental rights is in the best interests of the child.

Rape is an act of sexual intercourse under the following circumstances: **[Specify Grounds for Rape in** 21 O.S.2001, § 1111].

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(11).

---

## Juvenile Instruction No. 5.47
### Incarceration of Parent

The State seeks to terminate the parent's rights on the basis that the parent has been incarcerated. In order to terminate the parental rights on the basis that the parent has been incarcerated, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated deprived;

2. Continuation of parental rights is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness;

3. Custody of the child has been placed outside the home of the natural or adoptive parent, guardian or extended family member;

4. The parent has been incarcerated; and,

5. Termination of parental rights is in the best interests of the child.

In determining whether the continuation of parental rights is likely to result in serious emotional or physical damage to the child you may consider the following factors, among others:

1. The duration of imprisonment and its detrimental effect on the parent/child relationship;

2. Any previous imprisonments;

3. Any history of criminal behavior, including crimes against children;

4. The age of the child;

5. The evidence of abuse or neglect of the child or siblings of the child by the parent; and

6. The current relationship between the parent and the child and the manner in which the parent has exercised parental rights and duties in the past.

The fact that a parent has been incarcerated is not, in and of itself, sufficient to deprive a parent of parental rights.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(12).

---

## Juvenile Instruction No. 5.48
### Mental Illness or Mental Deficiency

The State seeks to terminate the parent's rights on the basis of the parent's mental illness or mental deficiency. In order to terminate parental rights on the basis of a parent's mental illness or mental deficiency, the State must prove beyond a reasonable doubt each of the following elements:

1. The child has been adjudicated deprived;

2. Continuation of parental rights is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness;

3. Custody of the child has been placed outside the home of a natural or adoptive parent, guardian or extended family member;

4. The parent has a mental illness or mental deficiency, as defined in these instructions, which renders the parent incapable of adequately and appropriately exercising parental rights, duties and responsibilities;

5. The mental illness or mental deficiency of the parent is such that it will not respond to treatment, therapy or medication and, based upon competent medical opinion, the condition will not substantially improve; and,

6. Termination of parental rights is in the best interests of the child.

A finding that a person suffers from a mental illness is not in and of itself sufficient to terminate parental rights.

---

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(13).

### Notes on Use

The trial judge should give Juvenile Instruction No. 3.19, *supra,* along with this Instruction.

## Juvenile Instruction No. 5.49
### Parental History of Chronic Drug or Alcohol Abuse

The State seeks to terminate the parent's rights on the basis that the parent has a history of chronic drug or alcohol abuse. In order to terminate parental rights on the basis that the parent has a history of chronic drug or alcohol abuse, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated to be deprived;

2. The parent has a history of extensive, abusive and chronic use of drugs or alcohol;

3. The parent has resisted treatment for the chronic drug or alcohol use during a three year period immediately before the filing of the petition;

4. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

5. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10 O.S.2001, § 7006–1.1(A)(14).

## Juvenile Instruction No. 5.50
### Child in Foster Care for Fifteen Months

The State seeks to terminate the parent's rights on the basis that the child has been in foster care for 15 months. In order to terminate parental rights on the basis that the child has been in foster care for 15 months, the State must prove beyond a reasonable doubt that:

1. The child has been adjudicated to be deprived;

2. The child has been placed in foster care by the Department of Human Services for 15 months out of the most recent 22 months before the filing of the petition;

3. The parent was responsible for the child's being in foster care for 15 of the most recent 22 months;

4. Continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness; and,

5. Termination of parental rights is in the best interests of the child.

A child is deemed to have entered foster care on the earlier of:

1. The date of the adjudication that the child was deprived; or,

2. Sixty days after the date the child was removed from the home.

Statutory Authority: 10 O.S.2001, §§ 7006–1.1(A)(15), 7003–4.7(A)(1).

## Topical Index

### References are to Instruction Numbers

Abandoned
Adjudication, 2.9
ICWA, 5.31, 5.32
Infant, 3.2
Termination of parental rights, 3.1

Abandoned infant
ICWA, 5.31
Termination of parental rights, 3.2

Abandonment
ICWA, 5.32
Termination of parental rights, 3.1

Abuse,
Alcohol, 3.20
Chronic, 3.15
Drug, 3.20
Failure to protect from heinous or shocking, 3.10
Failure to protect form severe harm or injury, 3.12
Heinous or shocking physical or sexual, 3.9, 3.10

ICWA, 5.39–5.45, 5.49
Physical, 3.9, 3.10
Severe, 3.14
Severe harm or injury, 3.11
Sexual, 3.9, 3.10
Subsequent to previous adjudication, 3.13

Adjudication of deprived status,
Abandoned, 2.9
Abuse subsequent to previous, 3.13
Best interests of child, 2.8
Bifurcation, 2.14
Burden of proof, 2.14
Instructions for verdict forms, 2.15
Pertinent time for, 2.13
Requirements, 2.8
Verdict forms, 2.16, 2.17

Alcohol or drug abuse, chronic
ICWA, 5.49
Termination of parental rights, 3.20

Allegations, 2.2, 2.32

Another child, previous termination
ICWA, 5.36
Termination of parental rights, 3.6

Bad habits of parents, 2.6

Best interests of child,
Adjudication, 2.8
Presumption, 2.19, 2.35, 5.7, 5.22

Beyond a reasonable doubt,
Definition, 5.9, 5.24
ICWA, 5.7, 5.8, 5.10, 5.22, 5.23, 5.25

Bias, 1.6

Bifurcation of adjudication and termination, 2.14

Burden of proof
Adjudication, 2.14
Beyond a reasonable doubt, 5.7, 5.8, 5.9, 5.10, 5.22, 5.23, 5.24, 5.25
Clear and convincing evidence, 2.12, 2.20, 2.36, 4.8, 5.2, 5.3, 5.4

Deprived status, 2.14, 2.15
Greater weight of the evidence, 2.11
ICWA, 5.2, 5.3, 5.4, 5.7, 5.8, 5.22, 5.23
Instructions for verdict forms, 2.15, 2.21, 2.37, 5.5, 5.10, 5.25
Introduction, 2.3, 5.2
Minor in need of treatment, 4.8
Termination of parental rights, 2.20, 2.36, 5.8, 5.23

Cautionary instructions
Bias, 1.6
Juror duties, 1.5
Note taking, 1.7

Child conceived as a result of rape
ICWA, 5.46
Termination of parental rights, 3.16

Chronic,
Abuse, 3.15
Alcohol abuse, 3.20
Drug abuse, 3.20
ICWA, 5.45, 5.49

Clear and convincing evidence, 2.3, 2.12, 2.19, 2.20, 2.35, 2.36, 4.8

Conditions
Failure to correct, 3.4
ICWA, 5.34, 5.35
Treatment plan, 3.5

Contribute to support, failure to
ICWA, 5.37
Termination of parental rights, 3.7

Conviction of crimes
ICWA, 5.38
Termination of parental rights, 3.8

Correct conditions, failure to
ICWA, 5.34, 5.35
Termination of parental rights, 3.4
Treatment plan, 3.5

Crimes, conviction of
ICWA, 5.38

Termination of parental rights, 3.8

Deficiency, mental
ICWA, 5.48
Termination of parental rights, 3.18, 3.19

Definitions
Abandoned, 2.9
Abuse, 2.7, 3.11, 3.12, 3.22
Beyond a reasonable doubt, 5.9, 5.24
Chronic abuse, 3.15, 3.22
Chronic neglect, 3.15, 3.22
Clear and convincing evidence, 2.12
Deprived child, 2.4
Greater weight of the evidence, 2.11
Heinous or shocking, 3.22
Inpatient treatment (minor in need of treatment), 4.5
Mental illness or deficiency (termination), 3.19, 3.22
Mental illness (minor in need of treatment), 4.4
Neglect, 2.7
Proper care or guardianship, 2.5
Serious bodily injury, 3.14, 3.22
Sexual abuse, 3.11, 3.12, 3.22
Torture, 3.14, 3.22

Deliberation
Adjudication, 1.9
Minor in need of treatment, 4.1
Simultaneous adjudication and termination, 2.1
Termination after prior adjudication, 2.31
Use of notes in, 1.10

Deprived child
Adjudication, 2.8
Bad habits of parents, 2.6
Burden of proof, 2.14
Definition, 2.4
Pertinent time for determination, 2.13
Termination of parental rights, 2.20
Verdict forms, 2.16, 2.17

Discharge of jury, 1.11

Drug abuse, chronic
ICWA, 5.49
Termination of parental rights, 3.20

Duties of Jurors
After evidence, 1.8
After jury is sworn, 1.5
Bias, 1.6
Deliberation, 1.9, 2.1, 2.31
Minor in need of treatment, 4.1

Effect of termination, 2.18, 2.34

Expert witnesses,
Adjudication, 2.10
Minor in need of treatment, 4.6
Termination of parental rights, 2.33

Failure to correct conditions
ICWA, 5.34, 5.35
Termination of parental rights, 3.4
Treatment plan, 3.5

Failure to contribute to support of child
ICWA, 5.37
Termination of parental rights, 3.7

Failure to protect from
Heinous or shocking, 3.9
ICWA, 5.39, 5.40, 5.42
Physical or sexual abuse, 3.10, 3.12
Severe harm or injury, 3.12

Fifteen out of twenty two months
ICWA, 5.50
Termination of parental rights, 3.21

Foster care, fifteen out of twenty two months
ICWA, 5.50
Termination of parental rights, 3.21

Greater weight of the evidence, 2.3, 2.11, 2.14, 2.15

Harm, severe
ICWA, 5.41
Termination of parental rights, 3.11

Heinous abuse
  ICWA, 5.39
  Termination of parental rights, 3.9

History, parental history of chronic drug or alcohol abuse
  ICWA, 5.49
  Termination of parental rights, 3.20

Illness, mental
  ICWA, 5.48
  Minor in need of treatment), 4.4
  Termination of parental rights, 3.18, 3.19

Imprisonment of parent
  ICWA, 5.47
  Termination of parental rights, 3.17

Incarceration of parent
  ICWA, 5.47
  Termination of parental rights, 3.17

Injury,
  Failure to protect from severe, 3.12
  ICWA, 5.41, 5.42
  Severe, 3.11

Inpatient treatment, definition, 4.5

Instructions for verdict forms
  Adjudication, 2.15
  ICWA, 5.5, 5.10, 5.25
  Termination of parental rights, 2.21, 2.37

Juror bias, 1.6

Jury's duties
  After evidence, 1.8
  After jury is sworn, 1.5
  Bias, 1.6
  Deliberation, 1.9, 2.1, 2.31
  Minor in need of treatment, 4.1

Mental illness or deficiency,
  Definition (termination), 3.19
  Definition (minor in need of treatment), 4.4
  Ground for termination, 3.18
  ICWA, 5.48

Method of chance, 2.1

Minor in need of treatment, elements required, 4.7

Neglect,
  Chronic, 3.15
  ICWA, 5.34, 5.35
  Severe, 3.14

Noncompliance with placement agreement
  ICWA, 5.33
  Termination of parental rights, 3.3

Note taking
  Cautionary instruction, 1.7
  Use of notes in deliberations, 1.10

Oath
  Trial, 1.4
  Voir dire, 1.3

Parent,
  Chronic alcohol or drug abuse, 3.20
  ICWA, 5.47, 5.49
  Incarceration of, 3.17

Pertinent time for adjudication, 2.13

Petition
  Minor in need of treatment, 4.2
  Simultaneous adjudication and termination, 2.2
  Termination after prior adjudication, 2.32

Physical abuse
  Heinous or shocking, 3.9
  ICWA, 5.39, 5.41
  Severe harm or injury, 3.11

Placement agreement, noncompliance with
  ICWA, 5.33
  Termination of parental rights, 3.3

Plan, service
  ICWA, 5.35
  Termination of parental rights, 3.5

Plan, treatment
  ICWA, 5.35
  Termination of parental rights, 3.5

Presumption, 2.19, 2.35, 5.7, 5.22

Previous adjudication, abuse subsequent to
  ICWA, 5.43
  Termination of parental rights, 3.13

Previous termination
  ICWA, 5.36
  Termination of parental rights, 3.6

Proper care or guardianship, 2.5

Purpose,
  ICWA, 5.1, 5.21
  Termination of parental rights proceeding, 1.1

Rape, child conceived as a result of
  ICWA, 5.46
  Termination of parental rights, 3.16

Reasonable doubt, beyond a
  Definition, 5.9, 5.24
  ICWA, 5.7, 5.8, 5.10, 5.22, 5.23, 5.25

Separate issues, 2.3

Service plan
  ICWA, 5.35
  Termination of parental rights, 3.5

Sexual abuse
  Failure to protect from severe harm or injury, 3.12
  Heinous or shocking, 3.9
  ICWA, 5.39, 5.41, 5.42
  Severe harm or injury, 3.11

Shocking abuse
  ICWA, 5.39
  Termination of parental rights, 3.9

Sibling,
  Abuse subsequent to previous adjudication, 3.13

Chronic abuse or neglect, 3.15
Failure to protect from severe harm or injury, 3.12
Failure to protect from heinous or shocking abuse, 3.11
Heinous or shocking abuse of, 3.9, 3.10
ICWA, 5.39–5.45
Severe abuse or neglect, 3.14
Severe harm or injury, 3.11, 3.12

Statement of case,
  Minor in need of treatment, 4.2
  Simultaneous adjudication and termination, 2.2
  Termination after prior adjudication, 2.32

Subsequent to previous adjudication, abuse
  ICWA, 5.43
  Termination of parental rights, 3.13

Support of child, failure to contribute to
  ICWA, 5.37
  Termination of parental rights, 3.7

Termination of parental rights
  Burden of proof, 2.20, 2.36, 5.8, 5.23
  Effect, 2.18, 2.34
  ICWA, 5.1, 5.8, 5.21, 5.23
  Instructions for verdict forms, 2.21, 2.37, 5.10, 5.25
  Purpose, 1.1, 5.1, 5.21
  Verdict forms, 2.22, 2.23, 2.38, 2.39, 5.11, 5.26

Time, pertinent for adjudication, 2.13

Treatment plan
  ICWA, 5.35
  Termination of parental rights, 3.5

Verdict forms
  Adjudication, 2.16, 2.17
  ICWA, 5.6, 5.11, 5.26
  Instructions for, 2.15, 2.21, 2.37, 5.5, 5.10, 5.25
  Minor in need of treatment, 4.9, 4.10
  Termination of parental rights, 2.22, 2.23, 2.38, 2.39

Voir dire

Oath, 1.3

Purpose, 1.2

Witnesses, expert

Adjudication, 2.10

Minor in need of treatment, 4.6

Termination of parental rights, 2.33